[Cite as *Boddie v. Landers*, 2016-Ohio-1410.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Howard Boddie, Jr.,            :

     Plaintiff-Appellant,     :         No. 15AP-962
                                         (C.P.C. No. 14CV-10846)

v.                         :

                                    (ACCELERATED CALENDAR)

Kevin Landers et al.,         :

     Defendants-Appellees.     :

D E C I S I O N

Rendered on March 31, 2016

**On brief:** *Howard Boddie, Jr.*, pro se.

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr.,* and *Christopher J. Hogan,* for appellees Kevin Landers and Jerry Revish.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Howard Boddie, Jr., appeals pro se the September 17, 2015 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Kevin Landers and Jerry Revish ("appellees"). For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} Appellant is an inmate currently incarcerated at the Chillicothe Correctional Institution. He filed his complaint on October 22, 2014, asserting six claims against appellees and Karen Monroe, including dereliction of duty, negligence, malicious disregard for appellant's civil and constitutional rights, defamation of character and reputation, slander and libel, and conspiracy. The trial court dismissed appellant's complaint with prejudice against Monroe for failure to prosecute and perfect service. The

complaint arises out of a news story concerning the issue of domestic violence televised in September 2014.  Appellant alleged that the news story was false and appellees failed to investigate the story properly and, as a result, he was ridiculed and harassed by his fellow inmates and, therefore, was seeking compensatory monetary damages.

{¶ 3}   The news story concerned a new city of Columbus program to help victims of domestic violence and Landers interviewed Monroe as a victim of domestic violence as part of the story.  Appellant contends that several points in the news story were not true, including:

> (1) Kicking Ms. Monroe in the stomach making her lose her spleen, where 34 staples were put in her chest after waking up in a hospital for days later. (2) Cannot prove that plaintiff was in prison for beating Ms. Monroe in the face, with a picture of her aired to the public towards a conviction that plaintiff is serving time for. (3) that Ms. Monroe has called the Columbus Police 34 times on plaintiff and that she has not been afforded help to a shelter for battered women. (4) That plaintiff has cut Ms. Monroe with fingernails. (5) That plaintiff is in prison due to any victim statement or charges pressed on him through the Franklin County Prosecutor's Office; by Ms. Karen Monroe. (6) That Ms. Karen Monroe has testified at trial or has filed a complaint with the Franklin County Prosecutor Office that Plaintiff Howard Boddie, Jr., grabbed and pointed a gun at her.

(Sic passim.)  (June 12, 2015 Appellant's Motion to Consider, 9.)

{¶ 4}   Appellant also alleged that he had been corresponding and telephoning Revish regarding appellant's contentions that: he was kidnapped and wrongfully imprisoned, the Columbus Police had attempted to kill him and Monroe, and that Monroe was mentally ill and a liar and, therefore, Revish should have warned Landers that the news story was false.

{¶ 5}   Appellant filed a motion for default judgment.  Appellees filed a motion to file an answer instanter and a memorandum in opposition to appellant's motion for default judgment.  The trial court granted appellees' motion to file an answer instanter and denied appellant's motion for default judgment.  Appellant then filed a motion to strike appellees' answer which the trial court denied.   On May 19, 2015, appellant filed a motion for summary judgment.  Appellant attached an affidavit and seven pages of transcript from an unidentified trial to his motion for summary judgment.

{¶ 6} Appellees filed a memorandum in opposition and a cross-motion for summary judgment on May 27, 2015. Appellees attached 12 exhibits, including affidavits, judgment entries and decisions from this court to their motion. Appellant filed a motion "To Consider Civil Rule 56(C) in his Motion in Opposition to Defendant's [sic] Cross-Motion for Summary Judgment, and the Plaintiff's Current Affidavit in Support." The trial court construed part of appellant's response as a motion to strike. As part of this filing, appellant also alleged that appellees are liable under 42 U.S.C. 1983 because they participated in joint action with state agents. Appellant alleged joint action with the prosecutor's office because appellees contacted the prosecutor's office and received Monroe's name as a possible candidate for the story.

{¶ 7} On September 17, 2015, the trial court denied appellant's motion for summary judgment and his motion to strike appellees' motion for summary judgment and affidavit in support and granted appellees' motion for summary judgment. Then, on September 29, 2015, the trial court dismissed the complaint against the final defendant, Monroe, for lack of prosecution, thus rendering the trial court's judgment on September 17, 2015 a final appealable order. Appellant filed a notice of appeal only from the September 17, 2015 judgment denying his motion for summary judgment and granting appellees' motion for summary judgment.

## II. Assignments of Error

{¶ 8} Appellant appeals, assigning the following two errors for our review:

> [I.] The Judgment of the Trial Court in entering Summary Judgment in Mr. Kevin Landers and Mr. Revish's favor should be overturned, and vacated because the Defendants-Appellees did report a non-privileged News Story outside the official record, with inaccurate information, and excluded relevant information according to O.R.C. ANN. 2317.05.
>
> [II.] The Judgment of the Trial Court in denying Plaintiff-Appellant's Motion for Summary Judgment, with prejudice should be overturned, and vacated because the disclosure in the news story were made without prior investigation rendering inaccurate information, and excluding relevant information governed by O.R.C. 2317.05. summary [sic] Judgment should be entered in favor of Howard Boddie, Jr., as there were no genuine issues of material facts that Defendants Landers and Revish were privileged in accordance with O.R.C. Ann 2317.05 to report a non-

> privilege News Story outside the official record with inaccurate information, and excluded factual information.

(Sic Passim.)

### III. Legal Analysis

{¶ 9}  Appellant's two assignments of error are related and will be discussed together.  Appellant contends that the trial court erred in granting appellees' motion for summary judgment and denying his motion for summary judgment because the news story contained inaccurate information, appellees failed to investigate the news story fully, and excluded relevant information and, therefore, appellees cannot invoke the privilege in R.C. 2317.05.

{¶ 10}  We review a summary judgment motion de novo.  *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 9.  In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as the trial court and conducts an independent review without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.,* 83 Ohio App.3d 103, 107 (10th Dist.1992).

{¶ 11}  Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Thus, summary judgment is appropriate when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 12}  "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Requiring a party seeking summary judgment to disclose the basis for the motion and support the motion with evidence is "well founded in Ohio law."  *Vahila v. Hall*, 77 Ohio

St.3d 421, 429 (1997). Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. *Dresher* at 293. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. *Id.* If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

{¶ 13} In this case, the trial court granted summary judgment in favor of appellees on appellant's six claims: (1) dereliction of duty, (2) negligence, (3) malicious disregard for appellant's civil and constitutional rights, (4) defamation, (5) slander and libel, and (6) conspiracy. We will review the trial court's decision on each claim.

{¶ 14} Initially, appellant contends that appellees cannot invoke the privilege of R.C. 2317.05 because the news story contained inaccurate information. R.C. 2317.05 provides, as follows:

> The publication of a fair and impartial report of the return of any indictment, the issuing of any warrant, the arrest of any person accused of crime, or the filing of any affidavit, pleading, or other document in any criminal or civil cause in any court of competent jurisdiction, or of a fair and impartial report of the contents thereof, is privileged, unless it is proved that the same was published maliciously, or that defendant has refused or neglected to publish in the same manner in which the publication complained of appeared, a reasonable written explanation or contradiction thereof by the plaintiff, or that the publisher has refused, upon request of the plaintiff, to publish the subsequent determination of such suit or action. This section and section 2317.04 of the Revised Code do not authorize the publication of blasphemous or indecent matter.

{¶ 15} "To qualify for the protection set forth in R.C. 2317.05, a publication must convey 'the essence of the official record to the ordinary reader, without misleading the reader by the inclusion of inaccurate extra-record information or the exclusion of relevant information in the record.' " *Singh v. ABA Publishing Am. Bar Assn.*, 10th Dist. No.

02AP-1125, 2003-Ohio-2314, ¶ 15, quoting *Oney v. Allen*, 39 Ohio St.3d 103 (1988), paragraph three of the syllabus.

{¶ 16} However, R.C. 2317.05, or "the fair report privilege," is inapplicable here because the news story was not a report of the return of any indictment, the issuing of any warrant, the arrest of any person accused of crime, or the filing of any affidavit, pleading, or other document in any criminal or civil cause. Thus, appellees cannot invoke the privilege here.

{¶ 17} Appellant's first claim is for dereliction of duty. Appellant's claim for dereliction of duty fails because it does not exist as a civil claim in Ohio. The state of Ohio has codified dereliction of duty in a criminal statute. *See* R.C. 2921.44. Ohio law does not recognize a private cause of action for "dereliction of duty." *White v. Stafford*, 8th Dist. No. 61838 (Jan. 14, 1993). "In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 32, citing *Lewis v. J.E. Wiggins & Co.*, 10th Dist. No. 04AP-469, 2004-Ohio-6724; *McNichols v. Rennicker*, 5th Dist. No. 2002 AP 04 0026, 2002-Ohio-7215; *Johnson v. Ferguson-Ramos*, 10th Dist. No. 04AP-1180, 2005-Ohio-3280; *White*. Thus, the trial court did not err in granting appellees' motion for summary judgment regarding dereliction of duty.

{¶ 18} Similarly, appellant's claim for malicious disregard for civil and constitutional rights must also fail. Although appellant does not specify 42 U.S.C. 1983 in his complaint, that section provides a remedy for violations of substantive rights created under the U.S. Constitution. Section 1983 does not create substantive rights, but provides a remedy for violations. *Baker v. McCollan*, 443 U.S. 137, 144 (1979), fn. 3; *Shirokey v. Marth*, 63 Ohio St.3d 113, 116 (1992). "In order to prevail on a claim under Section 1983, a plaintiff must establish: (1) that the conduct in controversy was committed by a person acting under color of state law, and (2) that the conduct deprived plaintiff of a federal constitutional or statutory right." *Miller v. Leesburg*, 10th Dist. No. 97APE10-1379 (Dec. 1, 1998), citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *1946 St. Clair Corp. v. Cleveland*, 49 Ohio St.3d 33, 34 (1990).

{¶ 19} To satisfy the "under color of law" requirement, a plaintiff must demonstrate that "the conduct complained of was taken pursuant to power possessed by virtue of state law and made possible only because the wrongdoer was clothed with the authority of state law." *George* at ¶ 29, citing *Roe v. Franklin Cty.*, 109 Ohio App.3d 772, 778 (10th Dist.1996). "A private party is deemed a state actor if there is a sufficient nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 44. Here, appellees were not acting under color of law nor can their conduct be attributed to the state. Appellant makes an allegation of collusion because Landers contacted the prosecutor, but, without more, this does not constitute evidence of a sufficient nexus between the government and Landers in order to find state action. Appellant cannot pursue a civil rights action against appellees because they are private citizens. *Forsyth v. Dearth*, 2d Dist. No. 98-CA-96 (June 4, 1999). Thus, the trial court properly granted appellees' motion for summary judgment as to appellant's claim for malicious disregard of civil and constitutional rights.

{¶ 20} Appellant also asserted a negligence claim contending that appellees failed to investigate the news story and determine it was false. To assert a negligence action, appellant was required to prove the existence of a duty, a breach of that duty, and an injury proximately resulting from that breach. *Schnetz v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 207, 2011-Ohio-3927 (10th Dist.). Appellees do not owe appellant an independent duty of care. However, negligence is the standard applied in a private person defamation case. *Fuchs v. Scripps Howard Broadcasting Co.*, 170 Ohio App.3d 679, 2006-Ohio-5349, ¶ 30 (1st Dist.). "Private-person defamation plaintiffs must show by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Id.*

{¶ 21} "Defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace; or affects him adversely in his trade or business." *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 108 (10th Dist.1999). There are two forms of defamation, including libel or slander. Generally, slander refers to spoken defamatory words and libel refers to written defamatory words. *Woods v. Capital Univ.*, 10th Dist. No. 09AP-166, 2009-Ohio-5672,

¶ 27.   However, "a defamatory matter broadcast by means of radio or television is classified as libel." *Holley v. WBNS 10TV*, 149 Ohio App.3d 22, 2002-Ohio-4315, ¶ 29 (10th Dist.).

{¶ 22} "To survive a motion for summary judgment in a libel action, the plaintiff must make a sufficient showing of the existence of every element essential to its case." *Natl. Medic Servs. Corp. v. E.W. Scripps Co.*, 61 Ohio App.3d 752, 755 (1st Dist.1989), citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "In Ohio, 'libel' is defined generally as a false written publication, made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." (Citations omitted.)  *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 7 (1995).   The essential elements of libel include: "[1] falsity, [2] defamation, [3] publication, [4] injury[,] and [5] fault."   *Natl. Medic Servs.* at 755.

{¶ 23} Since falsity is an essential element of a libel action, a true statement cannot provide the basis for a libel action.  *Id.*  Where the record reveals that the published reports were accurate or substantially true, a plaintiff fails to establish a prima facie case of libel.  *Id.*  "It is sufficient [in defending against a defamation action] to show that the imputation is substantially true, or as it is often put, to justify the 'gist,' 'the sting,' or the substantial truth of the defamation."  *Id.*, quoting Prosser, *Law of Torts* 798-99 (4th Ed.1971).  Thus, even assuming falsity of the specific statements that appellant alleges are false, if the record reveals that the published report was substantially true, then appellant's claim that the challenged report was defamatory fails.

{¶ 24} Appellant argues that several statements in the story, including that Monroe called 911 34 times and that appellant caused an injury to her face and spleen are false. The substance of the news story is that Monroe is a victim of domestic violence who could have benefitted from the new Columbus program.  Landers was reporting a story regarding a new city of Columbus program designed to assist domestic violence victims in September 2012.  The Columbus city prosecutor provided Landers with Monroe's name as a victim of domestic violence to interview for the story.  During Landers' interview with Monroe, she provided photos of her injuries.  Landers confirmed appellant had been

convicted of the charges referenced in the story. The record demonstrates that appellant is serving a prison term at the Chillicothe Correctional Institute. Appellant was convicted of domestic violence, abduction, and having a weapon while under disability. Appellees attached certified records from appellant's criminal cases to their motion for summary judgment that demonstrated Monroe was the victim in those cases. Appellant's brief to this court in the appeal from his conviction for abduction and domestic violence repeatedly identifies Monroe as the victim.

{¶ 25} Thus, appellees demonstrated that Monroe was the victim of domestic violence committed by appellant as reported in the news story and that the story is substantially true. Even if, as appellant contends, Monroe did not call 911 34 times and appellant did not injure Monroe's face and spleen, the story is substantially true.

{¶ 26} Appellant also failed to prove the necessary degree of fault required in this case. Pursuant to *Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176 (1987), a private figure plaintiff in a defamation action is required to prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity of the publication. In *Lansdowne*, the Supreme Court of Ohio attempted to balance "the protection to private persons from injuries to reputation and to provide adequate 'breathing space' for freedom of the press and freedom of speech." *Id.* at 180. The court held that "in private-figure defamation actions, where a prima facie showing of defamation is made by a plaintiff, the plaintiff must prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Id.* "Clear and convincing evidence" is that "measure or degree of proof which is more than a mere 'preponderance of evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 27} In *Brooks v. Am. Broadcasting Cos., Inc.*, 999 F.2d 167, 171-72 (6th Cir.1993), the court stated that "evidence largely consist[ing]" of the plaintiff's testimony is "anything but clear and convincing evidence of negligence." The appellate court

concluded that the district court was not required to "accept unsupported, self-serving testimony as evidence sufficient to create a jury question." *Id.* at 172.

{¶ 28} In this case, Landers submitted an affidavit in which he stated he investigated the story by contacting the city prosecutor's office to obtain the name of a victim of domestic violence.  He received Monroe's name and interviewed her.  During the interview, she described her experiences with appellant and showed Landers pictures of her injuries.  He also confirmed appellant's convictions referenced in the story with the prosecutor's office.  Revish submitted an affidavit in which he swears that he was not involved with preparing or investigating the story.  He also stated that he often receives correspondence and phone calls from individuals, but he does not investigate them.

{¶ 29} Appellant submitted his affidavit stating that appellees provided false information and they did not investigate the information in the story before airing it.  Appellant's statements do not demonstrate that Landers failed to investigate the truthfulness of the story.  This case is similar to *Baby Tenda of Greater Cincinnati, Inc. v. Taft Broadcasting Co.*, 63 Ohio App.3d 550 (1st Dist.1989).  In *Baby Tenda*, a retailer of baby furniture and its president filed suit against the Taft Broadcasting Company for defamation over a news story regarding sales practices.  The trial court granted the broadcasting company's motion for summary judgment.  The court reviewed the case to determine "whether any reasonable mind could find with convincing clarity that [the reporter] failed to act reasonably in attempting to discover the truth or falsity of the publications." *Id.* at 553.

{¶ 30} The reporter testified in his deposition regarding his investigation into the story.  He received two verbal complaints about the store and two letters.  He interviewed two of the complainants.  He contacted the Attorney General's office and spoke with the chief investigator of the Consumer Protection Division regarding the Ohio Consumer Sales Practices Act and whether the store had violated it.  The reporter also testified that he attempted to interview the president of Baby Tenda but he refused to be interviewed.  Based on the record, the appellate court found that the trial court properly granted the broadcasting company's motion for summary judgment.

{¶ 31} Thus, here, since appellees demonstrated that the story is substantially true, and since appellant has not demonstrated by clear and convincing evidence that appellees

acted unreasonably in the investigation of the story, appellant's claim for defamation, libel and slander fail.

{¶ 32} Finally, appellant alleged a conspiracy among Monroe, Landers, and Revish to violate his rights. "Civil conspiracy" is defined as " ' " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " ' " *Zhelezny* at ¶ 55, quoting *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 40 (10th Dist.), quoting *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419 (1995), quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126 (1987). A claim for civil conspiracy is a derivative claim, meaning a claim for civil conspiracy cannot stand without an underlying tort that would be actionable without the conspiracy. *Zhelezny* at ¶ 55. Here, appellant has not established an underlying unlawful tort. Thus, his conspiracy claim also fails.

{¶ 33} Appellant also raised two new claims in his motion for summary judgment, including invasion of privacy or publication of private affairs and intentional infliction of emotional distress. Appellant cannot plead new claims for the first time in a motion for summary judgment. *Estate of William A. Millhon v. Millhon Clinic, Inc.*, 10th Dist. No. 07AP-413, 2007-Ohio-7153, ¶ 37, citing *Wright v. Sears, Roebuck & Co.*, 10th Dist. No. 83AP-153 (Aug. 9, 1983). A party cannot raise a new claim through a motion, but, rather, the party must assert a new claim through an amended complaint. *Id.* At no time did appellant seek to amend his complaint to add these new claims. Thus, appellant cannot assert these additional claims and we find no error in the trial court's failure to address these claims.

## IV. Conclusion

{¶ 34} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., BROWN and LUPER SCHUSTER, JJ., concur.

———————————