[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bailey v. Parole Bd.,* Slip Opinion No. 2017-Ohio-9202.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.


SLIP OPINION NO. 2017-OHIO-9202

THE STATE EX REL. BAILEY ET AL., APPELLANTS, *v.* OHIO PAROLE BOARD, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bailey v. Parole Bd.,* Slip Opinion No. 2017-Ohio-9202.]

*Mandamus—Inmates alleging that parole board has unwritten policy of denying parole to "old law" offenders fail to state a claim upon which relief can be granted—Judgment of court of appeals granting parole board's motion to dismiss affirmed.*

(No. 2017-0090—Submitted September 26, 2017—Decided December 27, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-887, 2016-Ohio-8264.

_____

**Per Curiam.**

{¶ 1} Appellants, Michael Bailey, Steven Schmitz, William Morehouse, Benjamin Hudach, and Jeffrey Holland ("the inmates"), appeal the judgment of the

Tenth District Court of Appeals dismissing their complaint against the Ohio Parole Board ("the board") seeking a writ of mandamus. We affirm the court of appeals' judgment.

*Background*

{¶ 2} On September 23, 2015, the inmates filed in the court of appeals an original action against the board, seeking a writ of mandamus. At the time, all five were incarcerated in state detention facilities and were "old law" offenders. An old-law offender is an inmate sentenced to an indeterminate prison term for a crime committed prior the enactment of the July 1, 1996, sentencing reforms. They alleged that the board has an unwritten policy of denying parole to old-law offenders. They based their allegation on statements such as the following:

- On April 16, 2012, board spokeswoman JoEllen Smith was quoted in the Lancaster Gazette as saying, "[A]fter 16 years all the inmates likely to be paroled have been released already, leaving behind 3,200 of the State's worst inmates to cycle through the process again and again."

- On April 30, 2013, the Columbus Dispatch quoted then-board chairwoman Cynthia Mausser as saying, "Because we're 16 years from Senate Bill 2 most of the people suitable for parole have already been released."

They also allege that Parole Board Member Andre Imbrogno and Victims Representative Kathleen Kovach have made remarks indicative of the same mindset as recently as October 2014.

{¶ 3} What this adds up to, according to relators, is that in the eyes of the parole board, hardly any of the remaining old-law offenders will ever be eligible for parole because of the seriousness of their offenses, and so the board does not meaningfully consider their parole applications. In their prayer for relief, the inmates requested a writ of mandamus compelling the board to conduct new parole hearings "on every offender currently incarcerated who has had a meaningless

2

parole hearing, which is identified as any parole hearing held after January 1, 2010."

{¶ 4} The complaint also alleged that the board wastes more than $119 million a year by failing to give inmates meaningful parole consideration. The inmates requested (1) a declaration that the five members of the board are in violation of R.C. 124.34(A), which provides, in relevant part, that the tenure of every employee in the classified service of the state "shall be during good behavior and efficient service," (2) an order compelling the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Gary Mohr, to take administrative action against the board members, and (3) a finding that the board is guilty of public corruption, with appropriate relief ordered.

{¶ 5} The board filed a motion to dismiss. On February 26, 2016, a magistrate recommended dismissing the complaint for failure to state a claim:

> Even if relator's [sic] could prove that the three employees or former employees of ODRC made the statements as alleged in the complaint, that would not prove that parole hearings have become meaningless specifically as to each relator or that the parole board does not intend to give meaningful consideration of parole. Moreover, prior denials of parole do not equate to a failure to give meaningful consideration of parole.

10th Dist. Franklin No. 15AP-887, 2016-Ohio-8264, ¶ 67.

{¶ 6} The inmates filed timely objections to the magistrate's decision. The Tenth District Court of Appeals overruled the objections and, adopting the magistrate's recommendation, dismissed the complaint. *Id*. at ¶ 11.

{¶ 7} The inmates timely appealed.

*Analysis*

**{¶ 8}** To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2. The court of appeals correctly dismissed the complaint, because the inmates failed to allege a clear legal right or duty on the part of the board.

**{¶ 9}** An inmate has no constitutional right to parole release before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Nor does Ohio law give an inmate any right or entitlement to parole prior to the expiration of a valid sentence. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). The Ohio Adult Parole Authority has "wide-ranging discretion in parole matters." *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28.

**{¶ 10}** That said, the parole authority's discretion is not unlimited. The Revised Code creates an inherent expectation "that a criminal offender will receive *meaningful* consideration for parole." (Emphasis added.) *Id*. at ¶ 27. This principle of "meaningful consideration" is violated, for example, when officials evaluate an inmate's parole eligibility based on an "offense category score" that does not correspond to the actual offense(s) of which the inmate has been convicted. *Id*. Likewise, an inmate is not afforded meaningful parole consideration if the parole authority bases its decision on information in an inmate's file that is substantively incorrect. *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 23.

**{¶ 11}** In the present case, the complaint alleges that old-law offenders do not receive meaningful parole consideration, because with respect to every

remaining old-law inmate, officials have already predetermined that the seriousness of their offenses outweighs all other factors. The five inmates challenge the factual accuracy of that alleged assumption in their specific cases, asserting that they are not the worst, least rehabilitated offenders, compared to inmates who have been released on parole.

{¶ 12} The court of appeals correctly determined that these allegations do not state a claim under *Layne* and *Keith*. The inmates here committed serious crimes: aggravated murder in the course of a robbery (Bailey), first-degree murder (Morehouse), complicity to commit aggravated murder (Hudach), attempted aggravated murder (Holland), and two counts involving a minor in nudity material (Schmitz). In denying parole for these offenders, officials have not held them to account for offenses more serious than the ones they actually committed (as in *Layne*), nor have they based their decision on factually inaccurate information (as in *Keith*). Rather, what they have done, *according to the complaint*, is overvalue the seriousness of the crimes, as compared to whatever evidence of rehabilitation the inmates have presented. But that weighing process is precisely the point at which the parole board exercises its discretion. So long as each assessment rests on correct facts and falls within permissible guidelines, an inmate has no basis to challenge the decision.

{¶ 13} The remaining allegations in the complaint also fail to state a claim. The request for a declaration that the parole board and its members are guilty of public corruption fails because a court of appeals does not have original jurisdiction to grant declaratory judgments. *State ex rel. Dynamic Industries, Inc. v. Cincinnati*, 147 Ohio St.3d 422, 2016-Ohio-7663, 66 N.E.3d 734, ¶ 9.

{¶ 14} Nor can the inmates state a cause of action for sanctions against the board members for their alleged "public corruption." The complaint accuses the board members of committing perjury and falsification, in violation of R.C. 2921.11(A) and 2921.13(A). But there is no private right of action to enforce these

criminal statutes. *See George v. State*, 10th Dist. Franklin Nos. 10AP-4 and 10AP-97, 2010-Ohio-5262, ¶ 32 ("In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state").

{¶ 15} Alternatively, the complaint accuses the board members of "misspending and inefficiency." The closest cognizable claim these allegations resemble is "dereliction of duty." Ohio has codified dereliction of duty in a criminal statute, R.C. 2921.44, but does not recognize a private cause of action for dereliction. *See Boddie v. Landers*, 10th Dist. Franklin No. 15AP-962, 2016-Ohio-1410, ¶ 17; *White v. Stafford*, 8th Dist. Cuyahoga No. 61838, 1993 WL 7926, *2.

{¶ 16} Finally, the inmates seek a writ of mandamus to compel ODRC Director Mohr to take administrative action against the board members. Even if Director Mohr were a party to this action, the inmates would have failed to state a claim, because under the department's regulations, Director Mohr is not the appointing authority responsible for employees of the adult parole authority; rather, that responsibility is vested in the deputy director of the division of parole and community services. Ohio Adm.Code 5120-7-01(A)(1) and (4). Thus, Director Mohr has no clear legal duty to take administrative action.

{¶ 17} Moreover, even if the inmates had named the proper respondent, the claim would still fail. R.C. 124.34(A), which permits the termination of classified state employees for cause, does not create a duty on the part of state officials, enforceable in mandamus, to remove employees accused of misfeasance. *See State ex rel. Talwar v. State Med. Bd.*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 12 (physician could not compel state medical board to take disciplinary action against a second physician).

{¶ 18} Because the court of appeals correctly determined that the inmates have not stated a valid claim for a writ of mandamus, we affirm its judgment dismissing their complaint.

6

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Michael K. Bailey, pro se.

Steven M. Schmitz, pro se.

William E. Morehouse, pro se.

Benjamin D. Hudach, pro se.

Jeffrey S. Holland, pro se.

Michael DeWine, Attorney General, and Zachary R. Huffman, Assistant Attorney General, for appellee.

_____