[Cite as *Colvin v. Ctr. for Dev. & Property Solutions*, 2021-Ohio-4392.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey A. Colvin, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-535 |
| v. | : | (C.P.C. No. 20CV-4044) |
| [The Center for Development and Property Solutions, L.L.C.] et al. | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees, | | |
| | : | |

D E C I S I O N

Rendered on December 14, 2021

**On brief:** *Jeffrey A. Colvin*, pro se. **Argued:** *Jeffrey A. Colvin.*

**On brief:** *Lardiere McNair DiNicola & Stonebrook, LTD, LPA, Darrin A. McNair,* and *Chan M. Stonebrook*, for appellee Center for Development and Property Solutions, L.L.C. **Argued:** *Chan M. Stonebrook.*

**On brief:** *Goldstein Law,* and *Robert R. Goldstein*, for appellee Yaakov Schulman. **Argued:** *Michael J. Cassone.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Jeffrey A. Colvin, pro se, appeals the October 19, 2020 judgment of the Franklin County Court of Common Pleas granting the motions filed by defendant-appellee, The Center for Development and Property Solutions, L.L.C. ("CDPS"), and defendant-appellee, Yaakov Schulman, to dismiss his case pursuant to Civ.R. 12(B)(6). Appellant asserts a single assignment of error:

> The trial court erred and abused its discretion in dismissing the appellant action (sic) without ruling and granting the plaintiff a motion for Default Judgement (sic) when the Defendant

failed to respond within the 30 days required by Civil Rule 55. There was not even a hearing or answer to the plaintiff's motion for default judgement.

{¶ 2}    Appellant's complaint, filed on June 22, 2020, is handwritten and difficult to read, but requests actual and punitive damages from the appellees (one of whom was misidentified as "Property Management") for "being a slum lord." The complaint lists a number of alleged deficiencies with appellant's apartment and also asserts that the appellee Schulman has "committed sexual harassment." The complaint does not reference any lease agreement, nor does it reference any statutory duties that the appellees failed to perform. The complaint also fails to specify the dates of any alleged lease, or even the address of the property with which the appellant alleges deficiencies.

{¶ 3}    Appellees did not file answers to the complaint; instead, both filed motions to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Appellee Schulman's motion to dismiss was not within rule, but on September 13, 2020 he filed a motion for leave to file out of rule, and on September 14, 2020 the trial court granted that motion, allowing him to file both an answer and a motion to dismiss.

{¶ 4}    But prior to the filing of appellee Schulman's motion, appellant filed a motion for default judgment, arguing that neither defendant had responded within the 30 days required by rule. Appellant's argument apparently rested on the fact that appellee Schulman had not yet filed an answer and also his claim that he had not been personally served with appellee CDPS' motion to dismiss, although the clerk's record indicates that certified mail service was completed within rule.

{¶ 5}    Notwithstanding any procedural confusion, the trial court chose to defer a ruling on appellant's motion for default judgment. Instead, it chose to first consider the appellees' Civ.R. 12(B)(6) motions to dismiss, and on October 19, 2020 issued a judgment granting those motions and dismissing appellant's complaint:

> These motions were properly served. Although Plaintiff did file a response to Defendant Yaakov Schulman's Motion for leave to file late pleadings, after the Motion had been granted, Plaintiff has not filed any response at all to either of the Defendant's [sic] Motions to Dismiss. The Motions to Dismiss are deemed submitted to the Court pursuant to Local Rule 21.01.

* * *

> The Court has reviewed the Motions filed by Defendants CDPS (incorrectly named as "Property Management" in the complaint) and Yaakov Schulman. The Court finds Plaintiff has failed to present any evidence or argument in response. For the reasons set forth in the Motion[s], the Court finds that there are no claims upon which relief can be granted and the Motions to Dismiss are **GRANTED**.

(Emphasis sic.) (Decision & Entry at 1-2.)

{¶ 6} To begin our analysis, we first observe that although appellant's assignment of error addresses only the trial court's failure to rule on his motion for default judgment, the real issue to be determined on appeal is whether the trial court correctly ruled that his complaint failed to state a claim. Notably, the trial court did not issue a ruling upon appellant's motion for Civ.R. 55 default judgment, and the record clearly demonstrates that appellee CDPS filed its motion to dismiss within 15 days after service of the complaint was issued, which is well within Civ.R. 12(A)(1)'s 28-day response period. Moreover, the trial court subsequently granted appellee Schulman's properly filed motion for leave to file a motion to dismiss out of rule, and appellant has not alleged that the trial court's decision was erroneous. Accordingly, any basis for a default judgment has been seriously undermined if not eliminated entirely.

{¶ 7} Appellant has not presented any argument or cited any law to this court to establish that the trial court's decision to address the motions to dismiss prior to his motion for default judgment was an error or abuse of the trial court's discretion. Further, appellee Schulman suggests that because appellee CDPS had timely filed a motion to dismiss in lieu of an answer, appellant's motion for default judgment was not yet ripe at the time the trial court ruled on the motions to dismiss. Moreover, it has long been the rule that the trial court would have been required to examine appellant's complaint under Civ.R. 12 prior to granting the appellant a default judgment, and we have reversed the judgment of trial courts who have failed to do so. " '[W]hen a plaintiff fails to state a claim, a court cannot grant default judgment with regard to that alleged claim.' " *Gibbs v. Burley*, 10th Dist. No. 19AP-141, 2020-Ohio-38, ¶ 9, quoting *Huntington Natl. Bank v. R Kids Count Learning Ctr., LLC*, 10th Dist. No. 16AP-688, 2017-Ohio-7837, ¶ 15.

{¶ 8}   In any event, given that it is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits," *e.g., Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983), we conclude that it was wholly appropriate for the trial court to review the motions to dismiss and appellant's complaint in general to determine whether a claim for relief had been stated prior to considering a default judgment. And upon our own review of appellant's complaint, we agree with the trial court that it fails to state a claim under Civ.R. 12(B)(6).

> A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, (1975). A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien* at syllabus. The court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, *citing Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). When reviewing a Civ.R. 12(B)(6) dismissal, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

*Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11.

{¶ 9}   Generously interpreted, appellant's claim that appellees were "slum landlord[s]" could be construed as a landlord-tenant claim under R.C. 5321.07, but appellant's complaint does not show or even assert that he has complied with the notice and request-to-remedy provisions of that statute, and the statute does not permit the damages he has requested. *Compare* Civ.R. 13(A) (compulsory counterclaims). And we must again observe that appellant's complaint does not assert or establish the existence of any lease or identify the allegedly leased residential property at issue. These basic omissions render his "slum landlord" claim impossible to adjudicate.

{¶ 10} Appellant's "sexual harassment" claim fails in the same fashion. Appellant specifies his statutory or common-law cause of action and does not allege any of the elements of either a "quid pro quo" claim or a "hostile environment" claim under 42 U.S.C.A. 3604(b) (which forbids discrimination "against any person in the terms,

conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of * * * sex * * *."). *Compare New York v. Merlino*, 694 F.Supp. 1101, 1104-05 (S.D.N.Y.1988) and *Grieger v. Sheets*, N.D. Illinois No. 87 C 6567, 1989 U.S. Dist. LEXIS 3906, **5-7 (Apr. 7, 1989) (collecting cases). In fact, the complaint asserts only that "[d]efendant" committed sexual harassment as to the plaintiff and 10 other tenants"—the complaint does not allege any specific acts, it does not identify the time and date or place that any such acts are alleged to have occurred and does not identify any of the other tenants who were allegedly harassed. The claim is woefully insufficient to survive Civ.R. 12(B)(6) analysis, and as the trial court observed, the appellant did not respond to the appellees' motions to dismiss for failure to state a claim.

{¶ 11} For the foregoing reasons, we overrule the appellant's sole assignment of error. The trial court's decision granting judgment to the appellees on their motions to dismiss was not erroneous and is affirmed.

*Judgment affirmed.*

MENTEL and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

———————————