[Cite as *Konkel v. Ohio Parole Bd.*, 2025-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Christopher Konkel, :

          Plaintiff-Appellant, : No. 24AP-464
(C.P.C. No. 23CV-5797)

v. :

          (REGULAR CALENDAR)

Ohio Parole Board, :

          Defendant-Appellee. :

D E C I S I O N

Rendered on March 27, 2025

**On brief**: *Eric J. Allen*, for appellant. **Argued**: *Eric J. Allen.*

**On brief**: *Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Marcy A. Vonderwell*, for appellee. **Argued**: *Salvatore P. Messina.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Christopher Konkel, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, Ohio Parole Board ("the board"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 15, 2023, Mr. Konkel filed a complaint against the board seeking a declaratory judgment that the board denied him meaningful consideration for parole in violation of Ohio law. Pursuant to his complaint, Mr. Konkel was convicted of two counts of rape in violation of R.C. 2907.02(A)(1), two counts of gross sexual imposition in violation

of R.C. 2907.05(A)(4), and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), all involving an eight-year-old victim.  Mr. Konkel is serving a life sentence with the possibility for release on parole after ten years.

{¶ 3}  In November 2017, Mr. Konkel appeared before the board for his first parole hearing.  The board denied his request for parole and continued the matter for 60 months.

{¶ 4}  At an October 4, 2022 parole hearing, the board erroneously found Mr. Konkel had shot and killed two victims and had a record of misconduct while incarcerated.  Mr. Konkel stated in the complaint "[t]he board members present were obviously reading from a different file" than his.  (Compl. at ¶ 10.)  The board denied parole and continued the matter for 59 months.

{¶ 5}  The board allowed for a new hearing, and family members provided information to the board regarding Mr. Konkel's growth, remorse, and plans on release.  On January 31, 2023, the board conducted a primary hearing lasting approximately 45 minutes during which "Mr. Konkel was questioned at length about the incident and his reintegration plan."  (Compl. at ¶ 28.)  The board reconvened on February 17, 2023 to consider the request for parole.  The board again denied Mr. Konkel's request for parole, finding he was unsuitable for release "because of the facts of the case."  (Compl. at ¶ 13.)  In its written decision following the hearing, the board stated it denied parole "based upon the serious nature of the offense and public opposition to his release."  (Compl. at ¶ 14.)  The board continued the matter for another 55 months until July 2027.

{¶ 6}  Mr. Konkel alleged in his complaint the board did not provide him meaningful consideration for parole.  More specifically, he alleged the board did not provide him, in advance of the hearing, the "documents, information, and allegations" it relied on in evaluating his request for parole, depriving him of the ability to contest "the accuracy of the evidence" relied on by the board.  (Compl. at ¶ 34, 30.)  Additionally, Mr. Konkel alleged in the complaint the board failed to consider the materials he submitted regarding his suitability for parole and that the length of the continuance was excessive given his participation in programming and lack of institutional discipline.

{¶ 7}  Mr. Konkel stated in the complaint the board relied on "undisclosed materials" containing "false, misleading allegations in the death of the intruder," and on false representations of his offenses.  (Compl. at ¶ 35.)  Mr. Konkel stated he has requested

the materials the board relied on through a public records request but that "[s]ome of these documents have been withheld." (Compl. at ¶ 38.) He further alleged the board has an unwritten "first flop" policy to deny parole to certain offenders and this policy was a "material factor" in denying his request for parole. (Compl. at ¶ 42.) Mr. Konkel attached to his complaint the board's decisions and minutes from the November 2017 hearing, the October 2022 hearing, and the February 2023 hearing.

{¶ 8} The board responded to Mr. Konkel's complaint in a September 13, 2023 motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). The board argued Mr. Konkel did not allege any details or specific information demonstrating that he was denied meaningful consideration for parole and merely speculates, based on his inability to review the board's materials, that the information the board relied on was inaccurate or misleading. The board noted Mr. Konkel does not have a legal right to review his parole record prior to the parole hearing and argued he failed to set forth a justiciable controversy. To the extent Mr. Konkel sought public records, the board noted a declaratory judgment action is not a proper vehicle to bring a public records claim.

{¶ 9} Mr. Konkel filed a memorandum contra the board's motion to dismiss, arguing he set forth sufficient allegations under Ohio's notice pleading requirements to survive a motion to dismiss and that the board's prior error in relying on the wrong file during the October 2022 hearing creates a sufficient allegation of the possibility that the board could have relied on inaccurate information during the February 2023 hearing. Mr. Konkel also asserted he set forth a justiciable controversy, arguing he should be allowed to conduct discovery to determine what information the board used to deny him parole.

{¶ 10} The board filed a reply, arguing any allegation in Mr. Konkel's complaint related to the October 2022 parole hearing is moot as it is undisputed he received a new parole hearing in February 2023. The board argued Mr. Konkel failed to allege, with any degree of specificity, that the board relied on inaccurate information during the February 2023 hearing and that such failure is fatal to his claim for relief. Finally, the board argued Mr. Konkel cannot use his complaint as a mechanism to obtain records exempt from release as public records and his request for discovery amounts to nothing more than a "fishing expedition." (Reply to Pl.'s Memo Contra at 5.)

{¶ 11} In a July 15, 2024 decision and entry, the trial court granted the board's Civ.R. 12(B)(6) motion to dismiss. The court concluded Mr. Konkel did not plead any specific facts to support his speculative allegation that the board relied on inaccurate or misleading information during his February 2023 parole hearing. Instead, the court noted Mr. Konkel alleged only that the board relied on inaccurate information during his October 2022 parole hearing and he conceded in his complaint that the board allowed him a new hearing in January and February 2023 to correct the inaccurate information. The court determined Mr. Konkel alleged only his unsupported belief that the board must have relied on incorrect information. Thus, because his complaint failed to allege any substantive errors from the board's decision denying him parole in February 2023, the court found Mr. Konkel's complaint failed to state a claim upon which relief may be granted. Accordingly, the court granted the board's Civ.R. 12(B)(6) motion to dismiss. Mr. Konkel timely appeals.

## II. Assignment of Error

{¶ 12} Mr. Konkel raises the following sole assignment of error for our review:

The trial court erred in granting defendant's motion to dismiss.

## III. Discussion

{¶ 13} In his sole assignment of error, Mr. Konkel argues the trial court erred in granting the board's motion to dismiss his complaint for declaratory judgment.

{¶ 14} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.), citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id.*, citing *Jones v. Greyhound Lines, Inc.*, 2012-Ohio-4409, ¶ 31 (10th Dist.). "The court need not, however,

accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.*, citing *Morrow* at ¶ 7. We review a trial court's decision on a Civ.R. 12(B)(6) motion to dismiss de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.).

{¶ 15} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *One Energy Ents., L.L.C. v. Ohio Dept. of Transp.*, 2019-Ohio-359, ¶ 30 (10th Dist.), citing *Victory Academy of Toledo v. Zelman*, 2008-Ohio-3561, ¶ 8 (10th Dist.). The purpose of the Declaratory Judgments Act, codified at R.C. Chapter 2721, "is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Id.*, citing *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134 (1990). The Declaratory Judgments Act is remedial in nature, and courts are to liberally construe and administer it. *Id.*, citing *Swander* at 134.

{¶ 16} To obtain a declaratory judgment, a party must demonstrate (1) the existence of a real controversy between the parties, (2) the controversy is justiciable in nature, and (3) speedy relief is necessary to preserve the rights of the parties. *Burge v. Ohio Atty. Gen.*, 2011-Ohio-3997, ¶ 7 (10th Dist.), citing *Walker v. Ghee*, 2002-Ohio-297 (10th Dist.). A court properly dismisses a complaint for declaratory judgment where there is no real controversy between the parties or no justiciable issue. *Norman v. O'Brien*, 2016-Ohio-5499, ¶ 9 (10th Dist.), citing *Burge* at ¶ 7. For purposes of a declaratory judgment, a "justiciable issue" requires the existence of a legal right or legal interest. *JBK Ventures, Inc. v. Ohio Dept. of Pub. Safety*, 2021-Ohio-2046, ¶ 6 (10th Dist.), citing *Festi v. Ohio Adult Parole Auth.*, 2005-Ohio-3622, ¶ 11 (10th Dist.).

{¶ 17} "A prisoner has no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 2014-Ohio-4270, ¶ 19, citing *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998). Where the state makes a parole decision discretionary, the denial of parole does not amount to a deprivation of liberty. *Id.*, citing *State ex rel. Hattie v. Goldhart*, 69 Ohio St.3d 123, 125 (1994). The Supreme Court of Ohio has explained the Ohio Adult Parole Authority has "wide-ranging discretion in parole matters." *Layne v. Ohio Adult Parole Auth.*, 2002-Ohio-6719, ¶ 28; R.C. 2967.03. Therefore, because parole decisions in Ohio are discretionary, the denial of

parole cannot constitute a denial of due process or a deprivation of liberty. *Phelps v. Ohio Parole Bd.*, 2023-Ohio-284, ¶ 13 (10th Dist.), citing R.C. 2967.03; *Keith* at ¶ 19, citing *Hattie* at 126.

{¶ 18} Nonetheless, the discretion afforded to the parole board is not unlimited. *State ex rel. Bailey v. Ohio Parole Bd.*, 2017-Ohio-9202, ¶ 10. "The Revised Code creates an inherent expectation 'that a criminal offender will receive *meaningful* consideration for parole.' " (Emphasis sic.) *Id.*, quoting *Layne* at ¶ 27. "This principle of 'meaningful consideration' is violated, for example, when officials evaluate an inmate's parole eligibility based on an 'offense category score' that does not correspond to the actual offense(s) of which the inmate has been convicted." *Id.*, quoting *Layne* at ¶ 27. Additionally, an inmate does not receive meaningful consideration for parole "if the parole authority bases its decision on information in an inmate's file that is substantively incorrect." *Id.*, citing *Keith* at ¶ 23.

{¶ 19} On appeal, Mr. Konkel argues the trial court erred in concluding he failed to state a claim for declaratory judgment. Specifically, Mr. Konkel asserts his complaint sufficiently alleged the board denied him meaningful consideration for parole when it (1) did not provide him with the reports, documents, and information it considered in making its parole decision following the February 2023 parole hearing, (2) relied on inaccurate information when it denied him parole, and (3) denied him parole based on the unique facts of his offenses.

{¶ 20} Mr. Konkel first argues he set forth sufficient factual allegations to survive the board's motion to dismiss because he stated in his complaint the board did not provide him with copies of all documents and information it considered in denying his parole. However, "an inmate seeking parole has no clear legal right to review his or her parole record prior to the scheduled hearing." *Moore v. Ohio Parole Bd.*, 2023-Ohio-3651, ¶ 14 (10th Dist.), citing *State ex rel. Brust v. Chambers-Smith*, 2019-Ohio-857, ¶ 21. "Additionally, the parole authority is 'not required to conduct an extensive investigation in every prisoner's case to ensure the accuracy of its files.' " *Id.*, quoting *Brust* at ¶ 21, citing *Keith*, 2014-Ohio-4270, at ¶ 27. Instead, " 'each inmate is permitted to respond to the factual information discussed at the [parole] hearing and to submit verbally or in writing any additional information that is pertinent.' " *Id.*, quoting *Brust* at ¶ 21.

{¶ 21} In his complaint for declaratory judgment, Mr. Konkel stated he requested copies of the materials the board considered and relied on in denying his request for parole. He stated the board provided him with some documents but withheld others on grounds they were not subject to a public records request or he did not identify the documents with enough specificity. In his complaint below, Mr. Konkel still did not identify with any specificity the documents the board allegedly withheld. Instead, he asserted he cannot identify the documents with any specificity because he has no way of knowing what documents the board considered. On appeal, Mr. Konkel argues his allegation that he does not know which documents and information the board considered is enough to state a claim for declaratory judgment based on a lack of meaningful consideration for parole.

{¶ 22} We note that Mr. Konkel has not alleged the board failed to consider the factors mandated under Adm.Code 5120:1-1-07. Beyond his unsupported belief that the board must have relied on incorrect information, Mr. Konkel did not allege with specificity in his complaint that the board relied on substantively incorrect information during the February 2023 hearing. His position, instead, is that he should be able to obtain all the documents the board considered so he may determine whether the board relied on incorrect information in denying parole. This court has previously rejected this argument, holding "an inmate seeking parole does not have such a right." *Moore* at ¶ 16, citing *Brust* at ¶ 21, citing *Keith* at ¶ 27. Though Mr. Konkel disagrees with the board's ultimate decision, he does not allege in his complaint there was a factual error in the board's decision other than his unsupported statement that the board must have relied on inaccurate information. "[A] conclusory allegation, without accompanying underlying factual assertions, that the board relied on substantively incorrect information" is insufficient to survive a motion to dismiss, and " '[p]ermitting discovery when the allegations in the complaint are insufficient to state a claim would be improper.' " *Id.* at ¶ 17, quoting *Beard v. N.Y. Life Ins. & Annuity Corp.*, 2013-Ohio-3700, ¶ 28 (10th Dist.).

{¶ 23} Mr. Konkel additionally argues that even without additional discovery, he sufficiently alleged the board relied on incorrect information such that the board denied him meaningful consideration for parole. He asserts that because the board admittedly relied on inaccurate information during the October 2022 hearing, the board has demonstrated it can make mistakes. Thus, he argues the fact that he was denied parole

following the February 2023 hearing, in combination with the board's errors in October 2022, sufficiently demonstrate the possibility that the board considered inaccurate information once again.

{¶ 24} To survive a motion to dismiss for failure to state a claim, the plaintiff must set forth sufficient factual allegations in the complaint, itself. *State ex rel. Nyamusevya v. Hawkins*, 2023-Ohio-840, ¶ 30 (10th Dist.), citing Civ.R. 10(C) ("[a] motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents"). Here, Mr. Konkel failed to make any credible allegations within his complaint that the board relied on substantively inaccurate material during his ***most recent*** parole hearing. Though he alleged in his complaint the board relied on inaccurate information during his October 2022 parole hearing, he also conceded the board allowed him a rehearing to correct those errors. While Mr. Konkel disagrees with the outcome of the February 2023 parole hearing, he failed to allege anything more than prior experience and mere speculation that the board's most recent parole decision was based on inaccurate information. *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 29 ("Ohio courts have made clear that mere speculation, unsupported by operative facts, is not enough to state a claim" and survive a Civ.R. 12(B)(6) motion to dismiss.). Without sufficient operative facts to substantiate his claim, Mr. Konkel has failed to state a claim for declaratory judgment based on the denial of meaningful consideration during the February 2023 parole hearing.

{¶ 25} Lastly, Mr. Konkel argues he sufficiently alleged the board denied him meaningful consideration when it denied parole based on the unique facts of his offenses. Mr. Konkel argues that because the facts of his offenses remain static, and in light of his substantial efforts toward rehabilitation while incarcerated, the board's reference to the facts of his offenses amounts to a denial of meaningful consideration. Where the allegation is that the board "overvalue[d] the seriousness of the crimes, as compared to whatever evidence of rehabilitation the [inmate has] presented," the Supreme Court is clear the "weighing process is precisely the point at which the parole board exercises its discretion." *Bailey*, 2017-Ohio-9202, at ¶ 12. "So long as each assessment rests on correct facts and falls within permissible guidelines, an inmate has no basis to challenge the [parole] decision." *Id.* Mr. Konkel's disagreement with the weight the board placed on the seriousness of his

offenses and the ultimate denial of parole does not equate to a denial of meaningful consideration. *See Moore*, 2023-Ohio-3651, at ¶ 16 (10th Dist.) ("though Moore disagrees with the board's ultimate decision, he does not allege in his complaint there was any factual error in the board's decision"). Further, though Mr. Konkel repeatedly states in his complaint the board denied him meaningful consideration for parole, we note a court need not accept as true unsupported and conclusory legal propositions stated in a complaint. *Colvin v. Ctr. for Dev. & Property Solutions, L.L.C.*, 2021-Ohio-4392, ¶ 8 (10th Dist.), citing *Bullard*, 2021-Ohio-1505, at ¶ 11 (10th Dist.). Mr. Konkel uses pertinent legal language in his complaint, but he does not support this language with any relevant facts that would entitle him to relief.

{¶ 26} Having reviewed the record, we agree with the trial court that Mr. Konkel failed to raise a cognizable claim that the board denied him meaningful consideration for parole. Construing the complaint in a light most favorable to Mr. Konkel and presuming all factual allegations as true, he failed to allege any set of facts demonstrating the existence of a justiciable controversy. Therefore, Mr. Konkel failed to state a valid claim for declaratory judgment upon which relief may be granted, and the court did not err in granting the board's Civ.R. 12(B)(6) motion to dismiss. We overrule Mr. Konkel's sole assignment of error.

## IV. Disposition

{¶ 27} Based on the foregoing reasons, the trial court did not err in granting the board's Civ.R. 12(B)(6) motion to dismiss Mr. Konkel's complaint for declaratory judgment. Having overruled Mr. Konkel's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J., and DINGUS, J., concur.

———————————————