OPINION
{¶ 1} Plaintiff-appellant, Ali Akbar-El, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Ohio State Adult Parole Authority. Because the common pleas court properly determined defendant is entitled to judgment on plaintiff's claims that defendant impermissibly denied him parole and violated his rights to due process and equal protection of law, we affirm. *Page 2 
 {¶ 2} On March 25, 2005, plaintiff filed a complaint seeking a declaratory judgment. While much of the complaint is difficult to decipher, the complaint asserts that on August 17, 2004, defendant issued a decision denying him parole and continuing his incarceration for three years. According to the complaint, defendant premised its decision on a determination that plaintiff submitted a fraudulent document concerning his final release from prison on a prior offense, "R69790."
 {¶ 3} Specifically, the complaint asserts that although plaintiff was issued a release in connection with his prior imprisonment, defendant relied on a conduct report from Melissa Adams stating she does not recall signing the document plaintiff submitted, even though her "signature" appears on it. In essence, plaintiff sought a declaration not only that he received a final release, but that the premise for the parole authority's determination was misconception; he also sought an award of damages "for irreparable mental harm."
 {¶ 4} Defendant responded with a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1). Defendant asserted the common pleas court lacked subject matter jurisdiction because plaintiff sought money damages against the state, an action plaintiff could commence only in the Court of Claims pursuant to R.C. Chapter 2743. In addition, defendant noted that plaintiff failed to comply with the procedural requirements of R.C. 2969.21 through 2969.27, including payment of filing fees.
 {¶ 5} Plaintiff responded to defendant's motion, attaching a myriad of documents, most of which bear little relevance to the case. He, however, attached correspondence from the Ohio Department of Rehabilitation and Correction advising that "[a] review of your case file reveals that a copy of your Final Parole Release Certificate does exist. You *Page 3 
were officially released from under The Board's jurisdiction on OSR # 69-790 on June 13, 1969, according to records." (October 2, 2000 letter.)
 {¶ 6} The trial court conditionally granted defendant's motion to dismiss, allowing plaintiff 30 days to file an amended complaint that eliminated a request for compensation within the exclusive jurisdiction of the Court of Claims. The court ordered defendant to submit a final judgment entry dismissing the case for lack of subject matter jurisdiction if plaintiff failed to comply.
 {¶ 7} As to plaintiff's failure to pay the filing fee, the court observed that plaintiff paid approximately $43 of the fees totaling $68. Noting plaintiff's own affidavit indicated he earned wages in the amount of $47 per month, the court allowed plaintiff 60 days to ensure the remaining portion of the fees was paid or, alternatively, provide the court with an affidavit explaining why his wages were not adequate to insure payment of the remaining fees.
 {¶ 8} On December 29, 2005, plaintiff filed an amended complaint. Appearing to rest on the allegations of the original complaint, the amended complaint sought "[a] declaration that the decision of the defendant in denying a possible parole to plaintiff violated his due process and equal protection of the law rights as a Moslem, since all documents presented by him and alleged to have been fraudulent are legally recorded in his legal name of Akbar or Akbar-El by verification." Plaintiff also sought a declaration that he is entitled to a meaningful parole eligibility hearing, and in particular, a rehearing that requires defendant to disregard the "incorrect statement by a record clerk based on falty [sic] record keeping." *Page 4 
 {¶ 9} After defendant filed an answer to the amended complaint, plaintiff filed a motion for summary judgment. Defendant responded with a cross-motion for summary judgment. The trial court denied both motions. The court noted Adams' affidavit "does not demonstrate the absence of a genuine issue of material fact. She merely says she cannot recall signing the document [plaintiff submitted] and that she would normally sign such documents as `Melissa' rather than as `Missy.'" (July 20, 2006 Decision and Entry.) The court further observed the signature looked much like her signature on another of her documents. Because the evidence was competing and could not be resolved in the context of a summary judgment motion, the court concluded Adams' affidavit was not adequate to demonstrate the absence of a genuine issue of material fact.
 {¶ 10} Both parties filed motions for reconsideration. On reconsideration, the court granted defendant's motion for summary judgment, denied plaintiff's motion for reconsideration, and entered judgment for defendant. The court stated plaintiff's evidence remained inadequate, but concluded the issues of fact surrounding Adams' affidavit were not relevant to defendant's motion.
 {¶ 11} The trial court observed that courts review defendant's decisions only for systemic violations of the right to a meaningful parole hearing, as in Ankrom v. Hageman, Franklin App. No. 04AP-984,2005-Ohio-1546, or for invidious discrimination. The court determined plaintiff's allegation that defendants relied on false evidence fell short of either category. Moreover, to the extent he claimed he was denied parole based on his religion, the court concluded plaintiff's name and the denied request for parole were insufficient to create an issue for trial on an invidious discrimination claim. *Page 5 
 {¶ 12} On appeal, plaintiff contends the trial court erred in granting summary judgment to defendant because the judgment is contrary to the weight of the evidence plaintiff submitted.
 {¶ 13} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 14} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E). See, also, Castrataro v.Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
 {¶ 15} A declaratory judgment is a proper remedy to determine the constitutionality or constitutional application of parole guidelines.Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235, citing State ex rel.Adkins v. Capots (1989), 46 Ohio St.3d 187; Linger v. Ohio *Page 6 Adult Parole Auth. (Oct. 14, 1997), Franklin App. No. 97APE04-482. Unless, however, a prisoner is denied parole for a constitutionally impermissible reason, "the decision to deny parole is not subject to judicial review." Linger, supra. As Linger explained, long established precedent dictates that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence. Rather, because the decision maker under Ohio's system can deny the requested relief for any constitutionally permissible reason or for no reason at all, the state has not created a constitutionally protected liberty interest. Inmates of Orient Corr Inst. v. Ohio State Adult ParoleAuth. (1991), 929 F.2d 233, citing Olim v. Wakinekona (1983),461 U.S. 238, 103 S.Ct. 1741.
 {¶ 16} Within that framework, plaintiff's arguments appear to be three: (1) contrary to the board's conclusion that the document plaintiff submitted in connection with his parole release was fraudulent, plaintiff received a final release on his prior conviction; (2) defendant's decision denied him equal protection of the law; and (3) defendant's decision denied him due process of law.
 {¶ 17} Plaintiff's first contention in essence asks this court to reweigh the credibility determination that underlay defendant's decision to deny plaintiff parole. Plaintiff indeed filed in this case documents indicating he received a final release regarding his prior conviction. Defendant, however, did not deny parole because plaintiff was not issued a final release, but because it believed the document plaintiff submitted to be fraudulent. The issue thus is not whether he received a final release, but whether he submitted a fraudulent document. Because the issue does not implicate a constitutionally impermissible reason for denying parole, defendant's decision is not subject to judicial review on that basis. *Page 7 
 {¶ 18} Plaintiff also contends he was denied equal protection of the law, asserting defendant denied his request for release due to plaintiff's religion. "To succeed on a claim challenging a parole release decision and the broad discretion afforded the Parole Authority for purposes of establishing a violation of equal protection, a complaining party must show `exceptionally clear proof that the board abused its discretion. * * * Specifically, the prisoner must show `purposeful discrimination' and then establish that the discrimination had a discriminatory [e]ffect on him." Mayrides v. Ohio State ParoleAuth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, quoting Nedea v.Voinovich (N.D.Ohio 1998), 994 F.Supp. 910, 916-917.
 {¶ 19} Plaintiff presented no evidence that defendant discriminated against him on the basis of religion, much less exceptionally clear proof. While plaintiff's filings may speculate that defendant denied him parole because of his religion, none of the evidence plaintiff submitted supports that contention. Because plaintiff's evidence fails to create a genuine issue of fact to support his claim of purposeful discrimination, the common pleas court properly granted summary judgment on plaintiff's equal protection claim.
 {¶ 20} Similarly, plaintiff's evidence fails to support a claim for violation of his due process rights. "There is no constitutional or inherent right to be released before the expiration of a valid sentence." State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47, certiorari denied, 530 U.S. 1223, citing Greenholtz v. Inmates ofNebraska Penal and Corr Complex (1979), 442 U.S. 1, 7; see State ex rel.Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125; Robertson v. OhioAdult Parole Auth., Franklin App. No. 01AP-1111, 2002-Ohio-4303, at ¶ 33. An inmate that is denied parole is deprived of no protected liberty interest and can claim no due process rights with respect to a parole determination. *Page 8 Goldhardt, at 125-126. See, also, Miller, at 47 (observing that nothing in Am. Sub. S.B. No. 2 conferred a mandatory right to parole); Festi v.Ohio Adult Parole Auth., Franklin App. No. 04AP-1372, 2005-Ohio-3622, at ¶ 16 (noting that "[e]ven when OAPA has informed an inmate of its decision to grant parole, the inmate has no protected liberty interest in parole before his actual release"). Because plaintiff does not have a due process right in the context of parole release, the trial court properly granted summary judgment to defendant on plaintiff's due process claims.
 {¶ 21} Accordingly, the trial court properly granted defendant's summary judgment motion. Plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, BROWN and McGRATH, JJ., concur. *Page 1