[Cite as *Phelps v. Ohio Parole Bd.*, 2023-Ohio-284.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Larry Phelps, | : | |
| Plaintiff-Appellant, | : | No. 22AP-175 |
| | | (C.P.C. No. 21CV-2478) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Parole Board, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 31, 2023

**On brief:** *Larry Phelps*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath* for appellee.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-Appellant, Larry Phelps ("Phelps"), appeals from a judgment granting summary judgment to defendant-appellee, Ohio Parole Board ("Board"), in a declaratory judgment action brought by Phelps. For the reasons that follow, we affirm the judgment of the Franklin County Court of Common Pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In May 1995, Phelps was convicted by jury of aggravated robbery (R.C. 2911.01), kidnapping (R.C. 2905.01), and aggravated murder (R.C. 2901.01), and received a total sentence of 40 years to life. The judgment was affirmed on direct appeal. Phelps is currently incarcerated at the Richland Correctional Institution.

{¶ 3}  Phelps had his first parole hearing before the Board in September 2020 and was denied parole.[1]  His next eligibility date will be in 2030.

{¶ 4}  Phelps requested the Board provide him with information considered at his parole hearing.  The Board, citing its public records policy, did not release any information.

{¶ 5}  Phelps then filed a declaratory judgment action requesting the common pleas court declare that the Board has denied him meaningful consideration for parole and award him attorney fees and costs.  Phelps submitted a request for discovery for documents relating to his parole hearing, and the Board provided disclosable records and information permitted by Ohio Adm.Code 5120:1-1-36.

{¶ 6}  The Board filed a motion to dismiss pursuant to Civ.R. 12(B)(6), which was denied.  The Board then moved for summary judgment.  Phelps did not file a reply to the motion for summary judgment, and the motion was granted.

{¶ 7}  Phelps appealed the decision.

## II.  ASSIGNMENT OF ERROR

{¶ 8}  Phelps assigns the following as trial court error:

> The trial court abused its discretion in violation of appellant's Fourteenth Amendment rights to equal protection of the law under the United States Constitution and Article I Section 10 of the Ohio Constitution when the court granted summary judgment without the opportunity to complete discovery.

## III.  STANDARD OF REVIEW

{¶ 9}  We review a grant of summary judgment de novo.  *Coventry Twp. v. Ecker,* 101 Ohio App.3d 38 (9th Dist.1995).  We are required to conduct an independent review of the record with no deference to the decision of the trial court.  *Swihart v. Chairman/Chairperson of the Ohio Adult Parole Auth.,* 10th Dist. No. 13AP-993, 2014-Ohio-3305, ¶ 13.

## IV.  LEGAL ANALYSIS

{¶ 10} Summary judgment is proper when, (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable

---

[1] Phelps had a Board hearing in September 2020 that was referred for a Central Office Board Review ("COBR"), for release consideration by at least a majority of the members of the Board. The COBR was conducted on November 4, 2020, and parole was denied.

minds can reach a conclusion only in favor of the moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Once the moving party meets its initial burden, the nonmoving party must set forth facts to demonstrate a genuine issue exists for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶ 11} There is no default summary judgment. The lack of a response by a nonmovant "cannot, of itself, mandate the granting of summary judgment." *State ex rel. Dayton Legal News, Inc. v. Drubert*, 2d Dist. No. 24825, 2012-Ohio-564, ¶ 7. The Supreme Court of Ohio has held that, "where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds came come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis sic.) *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988). "A trial court must examine all appropriate materials filed by the parties before ruling on a motion for summary judgment." *Owensby v. Fresenius Dialysis Unit*, 10th Dist. No. 04AP-1382, 2005-Ohio-6467, ¶ 17.

{¶ 12} Phelps did not respond to the motion for summary judgment with any Civ.R. 56(E) material, and therefore, did not meet his reciprocal burden to set forth specific facts showing triable issues remained to be litigated. "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

{¶ 13} "A prisoner has no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 19. The Board has wide discretion in parole matters and may refuse to grant parole to an eligible offender. *State v. Clark*, 119 Ohio St.3d 239, 246, 2008-Ohio-3748. There is no constitutional right to be released before the expiration of a prison sentence. *Collins v. Ohio Adult Parole Auth.*, 10th Dist. No. 02AP-1161, 2003-Ohio-2952, ¶ 11. Therefore, because parole in Ohio is entirely discretionary, there is no violation of due process rights or deprivation of a protected liberty interest. R.C. 2967.03.

{¶ 14} However, the Board must adhere to a minimal due process standard that the reviewed information is accurate, so an inmate eligible for parole "will receive meaningful consideration for parole." *Keith* at ¶ 21. The Board considers reports and other information to determine an inmate's fitness for release. Even though the Board is granted broad discretion, "an inmate is not afforded meaningful parole consideration if the parole

authority bases its decision on information in an inmate's file that is substantially incorrect." *State ex rel. Bailey v. Ohio Parole Bd.*, 152 Ohio St.3d 426, 2017-Ohio-9202, ¶ 10.

{¶ 15} The Board is not required to "conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy." *Keith* at ¶ 27. But, "where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the [Board] has an obligation to investigate and correct any significant errors in the record of the prisoner." *Id.* at ¶ 28. The inmate must make a showing that the parole record contains substantive errors that may impact his parole. Relief will lie "when there is a credible claim of an error that may prevent the inmate's application from receiving meaningful consideration." *State ex rel. Edwards v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-195, 2020-Ohio-2799, ¶ 15.

{¶ 16} Ohio Adm. Code 5120:1-1-07(A) empowers the Board to deny an inmate parole for one or more of the following reasons:

> (1) There is substantial reason to believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under rule 5120:1-1-12 of the Administrative Code;
>
> (2) There is substantial reason to believe that as the unique factors of the offense of conviction significantly outweigh the inmate's rehabilitative efforts, the release of the inmate into society would create undue risk to public safety and/or would not further the interest of justice nor be consistent with the welfare and security of society;
>
> (3) There is substantial reason to believe that due to serious infractions of rule 5120-9-06 of the Administrative Code, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules and regulations;
>
> (4) There is need for additional information upon which to make a release decision.

The Board "was not required to find appellant suitable for release on parole based on allegedly positive factors where the record contains sufficient reasons weighing against his release." *Swihart* at ¶ 26.

{¶ 17} The Board considered Phelps for parole and determined that there is substantial reason to believe that he would either reoffend or not conform to the rules of parole if released and that he would be a risk to society if released. The Board cited as rationale for its denial:

> The Board finds that given the seriousness of Offender Phelps' extensive criminal history (with multiple opportunities on supervision), the extremely brutal and heinous nature of this crime, strong community opposition to release, poor institutional behavior, limited programming and an unrealistic release plan, his release at this time would create an undue risk to public safety, thereby rendering him unsuitable for parole.

(Apr. 21, 2021 Ohio Parole Board Decision and Minutes at 1.)

The decision contains sufficient rationale to support its decision to deny parole to Phelps.

{¶ 18} While a declaratory judgment action is appropriate to determine if the Board is applying parole guidelines in a constitutional manner, the Board's decision is not subject to judicial review unless parole was denied for an unconstitutional reason. *Akbar-El v. Ohio State Adult Parole Auth.*, 10th Dist. No. 07AP-13, 2007-Ohio-4414, ¶ 15. To succeed on a challenge to a parole release decision and the broad discretion of the Board, a party must show "exceptionally clear proof" that this discretion was abused. *Collins* at ¶ 15, quoting *Mayrides v. Ohio State Adult Parole Auth.*, 10th Dist. No. 97APE08-1035, 1998 Ohio App. LEXIS 1865, 13-14 (Apr. 30, 1998).

{¶ 19} Phelps requested, through discovery, his post-sentence report, a copy of the materials submitted to the Board members participating in the hearing, a copy of his video hearing and/or a transcript, and other documents. The ODRC has declared certain records releasable, and they have been provided to Phelps. However, some documents requested by Phelps have been deemed non-public records not available to Phelps.

{¶ 20} The ODRC operated under a public records policy that "broadly exempted records that relate or refer to inmates." *State ex. Rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, ¶ 36. The court then considered whether information from an inmate's disciplinary file and copies of kites transmitted electronically in a prison are subject to disclosure, and granted the inmate a writ compelling the release of the information. *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, ___ Ohio St.3d ___, 2022-Ohio-1765. The court declined "to adopt a categorical rule

that all records that somehow relate to an inmate are exempt from public-records disclosure under R.C. 5120.21(F)." *Id.* at 16.

{¶ 21} This court addressed R.C. 5120.21(F) when it considered a mandamus action by an inmate who was denied transitional control because of a sex offense conviction and sought the release of any such information from ODRC because he denies any sex or arson convictions. *State ex rel. Hill v. Campbell*, 10th Dist. No. 20AP-510, 2022-Ohio-354. The broad mandate in *Hogan Lovells* was tailored to allow an inmate to receive certain records that relate solely to that inmate, and a limited writ was granted to compel the ODRC to produce the information forming the basis for denial of Hill's inmate's transitional control. *Id. See State ex rel. McCarley v. Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-337, 2022-Ohio-3397 (Emails from specified individuals during specific timeframes that related solely to the inmate were disclosable to inmate without redaction where ODRC refused release based on R.C. 5120.21(F), but exclusions based on other exceptions or involving other inmates remain in force.).

{¶ 22} Phelps contends that because he was not provided copies of the materials and he was not questioned about material submitted on his behalf, the Board considered inaccurate information in its parole decision. As a result, he did not receive meaningful consideration for parole.

{¶ 23} The trigger to a meaningful consideration matter is a fact-based and credible allegation that the Board relied on information that was substantively inaccurate. *Keith*, *supra*, at ¶ 28 (Keith pointed out a memo from ODRC stating he had been incarcerated during a time period when another ODRC memo states he was permitted to remain on supervision during that same time and that ODRC believed he had been paroled eight times when it was six times.). An inmate must make a credible showing that the parole board relied on substantively inaccurate information at the parole hearing.

{¶ 24} Phelps makes no specific allegation of an error that the Board made, and his action is based on unsubstantiated assertions that there are substantive errors in his records.

{¶ 25} Ohio Adm.Code 5120:1-1-36(B) identifies determinations, orders, and minutes as public records of the parole board. Non-public records of the parole board "may be made available after a written request is received which specifically identifies the records

being requested."  Ohio Adm.Code 5120:1-1-36(F).  Further, the request will be denied if "the disclosure of the records would foreseeably result in harm to any person, would present a security risk * * * or materially interfere with the achievement of a fair parole hearing." *Id.*

{¶ 26} Phelps received meaningful consideration for parole.  We find no evidence of a substantive inaccuracy that would impact the parole decision and trigger judicial review of the Board's determination.  Phelps' sole assignment of error is overruled.

## V.  CONCLUSION

{¶ 27} Having overruled Phelps' sole assignment of error, this court hereby affirms the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

DORRIAN, J., concurring.

{¶ 28} I concur with the majority and would affirm the judgment of the trial court because in filing his declaratory judgment action the remedy Phelps sought was meaningful consideration for parole.  I agree with the majority that Phelps did not make a showing as required in *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 28-30.  He merely alleged, with nothing more, that "upon information and belief," the records reviewed by the parole board were inaccurate and/or incomplete.

{¶ 29} I write separately, however, to acknowledge that in his complaint, Phelps referred to the public records requests he made in order to obtain and review the documents which he believes were the basis of the parole board's denial of his parole.  Notwithstanding his reference to these public records requests, Phelps did not file a complaint for writ of mandamus pursuant to R.C. 149.43(C) nor did he file a complaint with the Court of Claims pursuant to R.C. 2743.75(D)—the two options for resolving public records disputes.  Such complaints require an examination of compliance with Ohio Adm.Code 5120:1-1-36 and R.C. 5120.21(F) as well as consideration of the holdings in *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, ___ Ohio St.3d ___, 2022-Ohio-1765, *State ex rel. Hill v. Adult Parole Officer Campbell*, 10th Dist. No. 20AP-510, 2011-Ohio-354, and

*State ex rel. McCarley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-337, 2022-Ohio-3397.

{¶ 30} For these reasons, I concur with the majority.

_____