[Cite as *Allen v. Marre*, 2026-Ohio-1186.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John D. Allen, | : | |
| Plaintiff-Appellant, | : | No. 25AP-717 |
| | | (C.P.C. No. 24CV-206) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| John A. Marre, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 2, 2026

**On brief:** *John D. Allen*, pro se.

**On brief:** *Reminger Co., L.P.A., and Thomas H. Kaczkowski*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Plaintiff-appellant, John D. Allen, appeals from a judgment of the Franklin County Court of Common Pleas awarding summary judgment in favor of defendant-appellee, John A. Marre. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In January 2024, Allen initiated an action against Marre seeking to foreclose on a lien against his property based on his alleged nonpayment of an amount due to Allen. Allen claimed that Marre refused to pay him $365,000 as agreed upon. Based on this nonpayment, Allen filed a lien against Marre's property with the Ohio Secretary of State, and he requested a foreclosure sale to pay the debt.

{¶ 3} After conducting discovery, Marre filed a motion for summary judgment, attaching evidentiary materials in support. Allen did not file a response to Marre's

summary judgment motion.  In December 2024, the trial court granted Marre's summary judgment motion.  Before terminating the case, however, the trial court provided Marre with an opportunity to file a motion relating to the costs of the judgment.  Marre did not file such a motion, and, in August 2025, the trial court entered final judgment in favor of Marre.

{¶ 4}   Allen timely appeals.

## II. Assignment of Error

{¶ 5}   Allen assigns the following sole assignment of error for our review:

> The trial court erred and abused its discretion in granting summary judgment in favor of Appellee.

## III. Discussion

{¶ 6}   In his sole assignment of error, Allen contends the trial court erred in granting summary judgment in favor of Marre.  This assignment of error is not well-taken.

{¶ 7}   An appellate court reviews summary judgment under the de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.).  De novo review means the reviewing court independently analyzes the record while giving no deference to the trial court's decision.  *Johnson v. Am. Italian Golf Assn. of Columbus*, 2018-Ohio-2100, ¶ 13 (10th Dist.).  Thus, we review de novo the trial court's granting of summary judgment in favor of Marre.

{¶ 8}   Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221.

{¶ 9}   Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact.  *Dresher v. Burt*, 1996-Ohio-107. However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the

nonmoving party's claims. *Id.*; *Vahila v. Hall*, 1997-Ohio-259. Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at ¶ 17; *Vahila* at ¶ 19; Civ.R. 56(E).

{¶ 10} Here, Marre moved for summary judgment and submitted evidence in support of his motion. Conversely, Allen did not respond to Marre's summary judgment motion. Nonetheless, "even where the nonmoving party fails completely to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988). This means "[t]here is no default summary judgment." *Phelps v. Ohio Parole Bd.*, 2023-Ohio-284, ¶ 11 (10th Dist.). Thus, "[a] trial court must examine all appropriate materials filed by the parties before ruling on a motion for summary judgment." *Owensby v. Fresenius Dialysis Unit*, 2005-Ohio-6467, ¶ 17 (10th Dist.); *see* Civ.R. 56(E) ("If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."). In reviewing the filed materials, the trial court concluded that summary judgment was appropriate in favor of Marre. We agree.

{¶ 11} Allen's action against Marre is premised on there being an enforceable contract between the two requiring Marre to pay Allen $365,000. " 'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' " *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id.*, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369 (1991). To be enforceable, a contract's terms "must be definite and certain." *Episcopal Retirement Homes* at 369, citing *James Ward & Co. v. Wick Bros. & Co.*, 17 Ohio St. 159, 164 (1867). Further, although generally a party's silence after receiving an offer does not constitute acceptance of an offer, it may constitute an acceptance when "the relation between the parties justifies the offeror's expectation of a reply to reject the offer." *State v. Gibson*, 2011-Ohio-5614, ¶ 18 (10th Dist.).

{¶ 12} In support of his motion for summary judgment, Marre submitted his own affidavit, with exhibits, wherein he averred to the following facts. On April 27, 2022, Allen, a member of the Moose Lodge in Worthington, was advised that written charges had been filed against him for his alleged violation of the General Laws of the Moose Lodge for having used inappropriate language concerning women. Allen denied the allegations, but, on May 25, 2022, his membership with the Moose Lodge was suspended for one year. On August 5, 2022, Allen sent a letter to Marre, also a member of the Worthington Moose Lodge, indicating that, if his suspension from the Moose Lodge was not lifted within 30 days, Marre would be responsible for $365,000 in damages payable to him. On September 1, 2022, Allen sent to Marre a "Final True Bill for Damages" for $365,000, and Allen indicated that he would commence foreclosure proceedings on Marre's property if his demands were not met. (Aff. of Marre at ¶ 16.) Marre did not agree to Allen's demands. Allen then filed a U.C.C. Financing Statement with the Ohio Secretary of State's Office, naming Marre as the debtor and citing their "Tacit Agreement of August 5, 2022 for $365,000." (Aff. of Marre at ¶ 17.) According to Marre, "this $365,000 is based upon a false and imaginary agreement John Allen claims to have made, wherein he was afforded $1,000 a day for his one-year suspension from the Moose Lodge." (Aff. of Marre at ¶ 18.) Marre further testified that he had never entered into any agreements with Allen, and that Allen has no security interest in any property he owns. Thus, Marre submitted evidence demonstrating that there was neither a contract between him and Allen nor a valid lien against any property he owned.

{¶ 13} As noted above, Allen did not file a response to Marre's summary judgment motion. In his appeal, however, he contends that, because Marre did not respond to his demands regarding his Moose Lodge suspension, Marre should be treated as agreeing to those demands. Allen also argues that Marre had a duty to respond, and Marre's silence estopped him from asserting any defense to Allen's claim because that silence misled Allen. These arguments are unpersuasive. Although Allen asserts that Marre's silence constituted an acceptance of his demands, that is, his offer, he does not cite to any record evidence showing circumstances, such as prior dealings, that reasonably would create an expectation that silence manifested an assent to an offer. Similarly, in the absence of facts that reasonably demonstrate otherwise, a party has no duty to respond to an offer. "Any other

rule would be absurd since otherwise an offeree would have an affirmative obligation to manifest a rejection of the offer, flipping contract law on its head. An offeror should not be allowed to thrust a duty to speak on an offeree. An offeree certainly has the right to ignore any offer." 1 Corbin on Ohio Contracts § 3.06. Therefore, we reject Allen's contentions that Marre's silence manifested his acceptance of an offer, that Marre had a duty to respond to Allen's demands, and that Marre's violation of that purported duty should preclude him from now challenging Allen's pending action to foreclose on his property.

{¶ 14} Because Marre submitted undisputed evidence demonstrating that no genuine issue of material fact exists as to Allen's claims and that Marre is entitled to judgment as a matter of law as to those claims, the trial court did not err in granting summary judgment in favor of Marre. Accordingly, we overrule Allen's sole assignment of error.

## IV. Disposition

{¶ 15} Having overruled Allen's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., and EDELSTEIN, J., concur.

———————————