[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dynamic Industries, Inc. v. Cincinnati,* Slip Opinion No. 2016-Ohio-7663.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7663

THE STATE EX REL. DYNAMIC INDUSTRIES, INC., APPELLANT, *v.* THE CITY OF CINCINNATI ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dynamic Industries, Inc. v. Cincinnati,* Slip Opinion No. 2016-Ohio-7663.]

*Mandamus—Court of appeals lacked jurisdiction over appellant's claims in declaratory and injunctive relief and for money damages—Appellant's takings and general mandamus claims are unripe and unavailing for failure to exhaust administrative remedies—Court of appeals' judgment dismissing petition affirmed.*

(No. 2016-0231—Submitted August 30, 2016—Decided November 10, 2016.)

APPEAL from the Court of Appeals for Hamilton County, No. C-150563.

_____

**Per Curiam.**

**{¶ 1}** We affirm the First District Court of Appeals' dismissal of the petition for a writ of mandamus filed by appellant, Dynamic Industries, Inc. ("DI"), to

compel appellees, the city of Cincinnati, the manager of the city's department of planning and buildings, and the head of that department's historic-conservation office (collectively, the "city") to issue a demolition permit.

{¶ 2} Because the court of appeals correctly dismissed the action, we affirm the court's judgment.

*Facts and Procedural History*

{¶ 3} The building at issue is located in Cincinnati on real property owned by DI. DI claims that the building is dilapidated and unsalvageable and that renovation is not economically viable. On May 15, 2015, the Bootsy Collins Foundation and the Cincinnati USA Music Heritage Foundation filed an application to have the building designated a historic landmark on the grounds that it formerly housed King Records, which, according to the organizations, played a significant role in the 20th-century evolution of popular music. On June 25, 2015, DI filed an application seeking a permit to demolish the building.

{¶ 4} The city did not process DI's application or issue a permit, because the earlier-filed historic-designation application was still pending. The city's refusal was based on its historic-preservation code, which states that no structure with historic significance may be demolished during the pendency of a historic-designation application. *See* Cincinnati Zoning Code 1435-07-2-A; *see also id.* 1435-01-H3 (defining "historic significance").

{¶ 5} Because it could not obtain the demolition permit, DI filed in the court of appeals an original action in mandamus, seeking a peremptory writ compelling appellees to immediately issue its requested permit and related relief. After the complaint was filed, the city passed an ordinance approving the historic-designation application. Because the former King Records building is now a historic landmark, DI may not receive a demolition permit unless it first obtains a certificate of appropriateness, a certificate that allows demolition or alteration of a

historic landmark. *See* Cincinnati Zoning Code 1435-09. DI does not dispute that it has not applied for a certificate of appropriateness.

**{¶ 6}** Appellees filed a motion to dismiss DI's complaint. The court of appeals issued a four-sentence entry granting appellees' motion, and DI appealed.

*Analysis*

**{¶ 7}** We review a judgment of the court of appeals in an original mandamus action filed in that court "as if the action had been filed originally in the Supreme Court." *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164, 228 N.E.2d 631 (1967).

**{¶ 8}** DI's complaint asserts six claims for relief. We address the first claim last, for ease of discussion.

**{¶ 9}** DI's second, third, and fourth claims seek, respectively, an injunction prohibiting appellees from interfering with DI's asserted right to demolish the building at issue, money damages that DI has allegedly incurred due to appellees' failure to issue the requested permit, and a declaratory judgment invalidating the applicable zoning-code provisions on various constitutional grounds. The court of appeals lacked jurisdiction to consider these claims. *See State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 12 ("A court of appeals lacks original jurisdiction to grant prohibitory injunctions"), citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 248, 673 N.E.2d 1281 (1997), and *Pressley* at paragraph four of the syllabus; *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 735, 654 N.E.2d 1258 (1995) ("mandamus may not ordinarily be employed as a substitute for an action at law to recover money"), citing *Maloney v. Sacks*, 173 Ohio St. 237, 238, 181 N.E.2d 268 (1962); *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 22 (" '[C]ourts of appeals lack original jurisdiction over claims for declaratory judgment' "), quoting *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 430, 751 N.E.2d 472 (2001).

**{¶ 10}** In the fifth claim asserted in its complaint, DI requests that the city be compelled to compensate it for an alleged unconstitutional taking of its property. However, a party must wait for a final administrative decision before asserting a takings claim. *Palazzolo v. Rhode Island*, 533 U.S. 606, 620-621, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001) (a landowner cannot establish a taking before regulatory authorities have had the opportunity "to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law"). As DI has not applied for a certificate of appropriateness, it has not exhausted its administrative remedies and the city has not had the opportunity to grant or deny the certificate. Until these events occur, DI's takings claim is unripe and must be dismissed.

**{¶ 11}** Finally, DI's first claim requests a writ of mandamus compelling appellees to issue the requested demolition permit. To be entitled to extraordinary relief in mandamus, DI must establish a clear legal right to the requested relief, a clear legal duty on the part of appellees to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 12}** As explained above, DI has not exhausted its administrative remedies in that it has not applied for a certificate of appropriateness, which would allow the city to make a final decision on DI's application for a demolition permit. Therefore, the city has no clear legal duty to grant the requested relief and DI has no clear legal right to that relief. *State ex rel. Schindel v. Rowe*, 25 Ohio St.2d 47, 48, 266 N.E.2d 569 (1971).

*Conclusion*

**{¶ 13}** The court of appeals lacked jurisdiction over Dynamic Industries' claims in declaratory and injunctive relief and for money damages. And because DI has failed to exhaust its administrative remedies before asserting its takings and general mandamus claims, these claims are unripe and unavailing, respectively.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Sebaly, Shillito & Dyer, L.P.A., Toby K. Henderson, and Matthew G. Bruce, for appellant.

Paula Boggs Muething, Cincinnati City Solicitor, Marion E. Haynes, III, Chief Counsel, Terrance A. Nestor, Deputy City Solicitor, and Emily E. Woerner, Assistant City Solicitor, for appellees.

_____