[Cite as *State ex rel. Duncan v. Mentor*, 2023-Ohio-416.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>RICHARD DUNCAN,<br><br>Relator,<br><br>- vs -<br><br>CITY OF MENTOR,<br><br>Respondent. | CASE NO. 2022-L-106<br><br>Original Action for Writ of Mandamus |

**P E R   C U R I A M**
**O P I N I O N**

Decided: February 13, 2023
Judgment: Complaint dismissed

*Richard Duncan*, pro se, 1101 East Boulevard, Aurora, OH 44202 (Relator).

*Joseph P. Szeman*, City of Mentor Director of Law, The Matchworks Building, 8500 Station Street, Suite 245, Mentor, OH 44060 (For Respondent).

PER CURIAM.

{¶1} Pending before this court is plaintiff-relator, Richard Duncan's, Complaint for Writ of Mandamus and Damages and Other Relief, filed on November 10, 2022, against defendant-respondent, the City of Mentor. Also pending is the Respondent City of Mentor's Motion to Dismiss, filed on December 12, 2022. Duncan filed his Brief in Opposition to Motion to Dismiss on January 19, 2023. On February 6, 2023, Mentor filed a combined Reply Brief in Support of Motion to Dismiss and Motion to Strike the

"averments of fact and exhibits submitted by Relator in his responsive pleading which are outside of those set forth in his Complaint."

{¶2} The Complaint makes the following allegations:

5. Duncan purchased his lot [Parcel No. 16-B-036-A-00-047-0] on 9/7/94 at a forfeited land sale where it was appraised for over 40,000 dollars by [Lake] County.

6. From the testimony of neighbors at a January 11th, 2022 zoning board of appeals meeting, Duncan was told that shortly after his lot's subdivision plat was approved, in December of 1987 that some party went bankrupt. Thus it is believed that the homeowners association within the Hollycroft Subdivision was never setup or took effect and that the neighboring property owners did not pay their required dues. As a result therefore, no County taxes were ever paid. No neighbors or the City of Mentor ever objected and thus they benefited from their negligence or inaction.

7. Thus the County Auditor put the property of 3 acres up for sale and Duncan purchased it. Because the lot was no longer in the homeowners association, Duncan believed and expected that any of such restrictions, covenants or the like were voided out and non applicable. Duncan also believed and expected that since Mentor remained silent as to the issue, their claims as to any regulations they had on Duncan's lot or in the subdivision would be void and non-effective.

8. Due to that Duncan's lot is unique in that it is partially covered by a pond, land-locked and unregulated, Duncan once or twice over a 20 year period asked the City what use could be made of his lot. Mentor told him that he would need to submit a written request to the City. Duncan believes he could get access to his lot by way of several easements which connect the public street to his lot.

9. Duncan never submitted a proposal but a few times he listed his lot for sale over the last 20 years. Recent prospective buyers who inquired about the 3 acre parcel asked to use the property for an outdoor yoga site and a fishing dock (recreational uses).

10. On May 20th, 2021 and October 2021 Duncan in a formal letter to the City wanted to know Mentor's final position on what procedures he needed to follow to use his lot.

2

Case No. 2022-L-106

11. The City told Duncan to submit an application for a building permit which he did on November 8, 2021.

12. In this application Duncan specifically requested a recreational houseboat on the pond and stated Mentor's drainage easement would be unaffected.

13. Duncan received a denial by the City on November 22, 2021 detailing about 9 reasons or so in support, citing building plan review, zoning review, and engineering review standards or laws.

14. Duncan was advised to file an appeal to the appeals board. On 12/14/21 he prepared and submitted a written rebuttal to each of the 9 reasons stated for the permit denial and he requested variances in support * * *.

15. At the January 11th, 2022 hearing a point was raised that Duncan needed to submit more detailed houseboat plans. Duncan agreed to do so and he asked for a continuance but the board denied such, and voted to deny all his variance requests after a 2 hour hearing. Few if any of the 9 reasons were analyzed or discussed.

{¶3} Based on the foregoing allegations, the Complaint raises four Counts: Count I Taking of Property, Count II Quiet Title, Count III Estoppel/Laches, and Count IV Landlocked Properties Must Get Access.

{¶4} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "In construing a complaint upon a motion to dismiss for failure to state a claim, [the court] must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

Case No. 2022-L-106

{¶5} Mentor argues, and this Court agrees, that Duncan's claims for Quiet Title, Estoppel/Laches, and Landlocked Properties Must Get Access are outside the scope of the original jurisdiction granted to a court of appeals. Accordingly, they must be dismissed.

{¶6} A court of appeals' original jurisdiction is limited by the Ohio Constitution to the following types of cases: quo warranto; mandamus; habeas corpus; prohibition; procedendo; and any cause on review as may be necessary to its complete determination. Ohio Constitution, Article IV, Section 3. As a court of appeals' original jurisdiction is limited, the court "is obligated to raise sua sponte questions related to [its] jurisdiction." *Smirz v. Smirz*, 2014-Ohio-3869, 18 N.E.3d 868, ¶ 8 (9th Dist.); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997) ("[s]ubject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case" and "may be raised *sua sponte* by an appellate court").

{¶7} The claim for Quiet Title is based on R.C. 5303.01 and asserts that Mentor's attempts to apply restrictive covenants, deed restrictions, zoning ordinances, building department or engineering storm water codes or the like are illegal and constitute a cloud upon his property rights. The claim for Estoppel/Laches asserts that Mentor and the neighboring property owners (not identified as parties in the Complaint) should be estopped from enforcing or giving effect to their regulations so as to deny Duncan a building permit. The claim for Landlocked Properties Must Get Access asserts that Duncan is entitled to the use of access easements contained on the approved plat for the Hollycroft Subdivision. None of these claims are encompassed by the types of cases

4

over which this court may exercise original jurisdiction. This court is without jurisdiction to consider them.

{¶8} With respect to the claim for Taking of Property, Mentor argues that Duncan has failed to state a claim upon which relief may be granted in that he has an adequate remedy at law "by way of a Chapter 2506 appeal of the decision of the Board of Building and Zoning." We find that Duncan's failure to pursue an appeal of the denial of his building permit and/or variance request constitutes a failure to exhaust his administrative remedies which precludes this Court's consideration of whether Mentor has unconstitutionally appropriated his property by "totally denying [him] of any use of his lot (not only economically viable use, but recreational)." Accordingly, this claim is also subject to dismissal.

{¶9} When seeking mandamus relief, "a party must wait for a final administrative decision before asserting a takings claim." *State ex rel. Dynamic Industries, Inc. v. Cincinnati*, 147 Ohio St.3d 422, 2016-Ohio-7663, 66 N.E.3d 734, ¶ 10. "Where a statutory scheme would obviate the need for a takings claim, a party may not ignore that scheme in favor of instituting a takings claim." *State ex rel. US Bank Trust Natl. Assn. v. Cuyahoga County*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 25; *Crosby v. Pickaway Cty. Gen. Health Dist.*, 4th Dist. Pickaway No. 06CA27, 2007-Ohio-6769, ¶ 23 ("the nature of appellants' mandamus action necessarily challenges the permit denials and, thus, they must exhaust their administrative remedies before seeking the extraordinary remedy of mandamus").

{¶10} According to the allegations in the Complaint, Duncan purchased his property in 1994. In November 2021, Duncan submitted a building permit application for

5

a recreational houseboat on his property which Mentor denied. On December 14, 2021, Duncan requested a variance from the Board of Building and Zoning Appeals. The request was denied in January 2022. No further action on Duncan's part has been alleged. Rather, Duncan acknowledges in his Brief in Opposition that he "was required to at least try to get a variance before the zoning board" and that "the court must decide if an area variance was warranted."

{¶11} The Ohio Revised Code provides that "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." R.C. 2506.01(A); Mentor Codified Ordinances 1131.06(f) ("[d]ecisions of the Board [of Building and Zoning Appeals] shall be final and binding on the applicant provided, however, that any persons or the City aggrieved by any decision of the Board may appeal said decision by a filing a petition with the Common Pleas Court").

{¶12} Here, Duncan has failed to avail himself of the available administrative appeal processes which could obviate the need for the initiation of appropriation proceedings. *Compare State ex rel. Sibarco Corp. v. Hicks*, 177 Ohio St. 81, 82, 202 N.E.2d 615 (1964) ("the right to appeal pursuant to Chapter 2506, Revised Code, is an adequate remedy at law"); *The Chapel v. Solon*, 40 Ohio St.3d 3, 530 N.E.2d 1321 (1988), syllabus ("[t]he proper procedure to test an official's refusal to issue a building permit is by of appeal to the court of common pleas after all administrative remedies of appeal, if any, are exhausted").

6

Case No. 2022-L-106

{¶13} For the foregoing reasons, Mentor's Motion to Dismiss is granted and Duncan's Complaint is, accordingly, dismissed. Mentor's Motion to Strike is overruled as moot.

JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2022-L-106