[Cite as *TS Tech USA Corp. v. Pataskala*, 2023-Ohio-826.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TS TECH USA CORPORATION | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21CA0097 |
| | : | |
| CITY OF PATASKALA | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Case No. 2021CV00589

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     March 16, 2023

APPEARANCES:

For Plaintiff-Appellant:

C. DARCY JALANDONI
CHRISTOPHER RIEDEL
PORTER WRIGHT MORRIS &
ARTHUR, LLP
41 S. High St.,
29th Floor
Columbus, OH 43215


TERRY W. POSEY, JR.
PORTER WRIGHT MORRIS &
ARTHUR, LLP
One South Main Street, Suite 1600
Dayton, OH 45042

For Defendant-Appellee:

BRIAN M. ZETS
ISAAC WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-appellant TS Tech USA Corporation ("TS Tech") appeals from the October 26, 2021 decision of the Licking County Court of Common Pleas granting the motion to dismiss of defendant-appellee City of Pataskala ("City").

## FACTS AND PROCEDURAL HISTORY

{¶2} TS Tech manufactures automotive seats and interior components. In 2015, TS Tech purchased property at 6630 Taylor Road SW, Pataskala, Licking County, Ohio (the "Taylor Road property") which abuts public roadway, Taylor Road SW.

{¶3} TS Tech owns another property at 8400 E. Broad St., Jefferson Township, Franklin County, Ohio (the "Jefferson Township property"). The Taylor Road and Jefferson Township properties are adjacent to each other and are connected by an existing private drive running east-west from Taylor Road to the Jefferson Township property, then across the Jefferson Township property to Broad Street.

{¶4} In 2016, TS Tech submitted a permit to the City to widen the portion of the private drive that exits to Taylor Road ("Driveway"). The City approved the permit to widen the Driveway, but limited its use to emergency access only.

{¶5} In 2019, TS Tech applied for a permit to construct a new facility on the Taylor Road property (the "Cross Dock"). The City approved the permit to construct the Cross Dock, but disallowed ingress and egress to Taylor Road. Therefore, the Cross-Dock on the Taylor Road property could only be accessed by crossing the Jefferson Township Property to Broad Street.

{¶6} In January 2020, TS Tech learned that its Jefferson Township property neighbor, which shares the Broad Street driveway, intended to develop nearly 200 new

residential units, which would substantially increase the traffic at the Broad Street driveway.

{¶7} On August 5, 2020, TS Tech submitted a new permit application asking the City to lift the emergency-access conditions and to permit ingress and egress from Taylor Road. This process resulted in a new permit application (the "2021 Application") to remove the emergency access condition.

{¶8} The City denied the 2021 Application and the Board of Zoning Appeals (BZA) denied TS Tech's appeal.

{¶9} On July 8, 2021, TS Tech appealed the BZA's denial to the Licking County Court of Common Pleas, case number 2021 CV 00588, pursuant to Chapter 2506 of the Ohio Revised Code.

{¶10} Underlying the instant appeal, TS Tech contemporaneously filed a Petition for Writ of Mandamus to initiate appropriation proceedings, seeking compensation for alleged past, ongoing, and prospective future taking of its property if the administrative appeal is denied. The mandamus petition was docketed as Licking County Court of Common Pleas, case number 2021 CV 00589. The petition asserts that the BZA's decision is arbitrary and capricious, amounting to a taking of TS Tech's property. TS Tech therefore seeks a writ of mandamus to compel the City to initiate appropriation proceedings.

{¶11} The City moved to dismiss the petition pursuant to Civ.R. 12(B)(6). The trial court granted the City's motion on October 26, 2021, finding the administrative appeal provides TS Tech with an adequate remedy at law and TS Tech must exhaust its administrative remedies before seeking a writ of mandamus.

{¶12} TS Tech now appeals from the trial court's Decision and Entry Granting Respondent's Motion to Dismiss of October 26, 2021.

{¶13} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶14} "THE LOWER COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT TS TECH USA CORPORATION'S ("TS TECH") PETITION FOR WRIT OF MANDAMUS ("PETITION") BECAUSE, WHILE TS TECH'S PENDING ADMINISTRATIVE APPEAL SEEKS REMOVAL OF USE CONDITIONS PLACED ON TS TECH'S DRIVEWAY, IT CANNOT COMPENSATE TS TECH FOR THE CITY OF PATASKALA'S PAST AND ONGOING DENIAL OF THE ELEMENTAL PROPERTY RIGHT OF ACCESS TO THE ABUTTING PUBLIC ROADWAY, AND IS THEREFORE NOT AN ADEQUATE REMEDY AT LAW."

## ANALYSIS

{¶15} In its sole assignment of error, TS Tech argues the trial court erred in dismissing its petition for a writ of mandamus. We disagree.

{¶16} In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. *Dalton v. Bd. of Cnty. Commrs., Licking Cnty.*, 5th Dist. Licking No. 00CA38, 2000 WL 1335066, *2, appeal not allowed, 91 Ohio St.3d 1416, 741 N.E.2d 143 (2001), internal citation omitted. We need not defer to the trial court's decision. *Id.* In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* We must presume all factual allegations of the

complaint as true and make all reasonable inferences in favor of the nonmoving party. *Id.,* internal citation omitted.

{¶17} In the instant case, TS Tech filed its petition to compel initiation of appropriation proceedings if the administrative appeal fails: " * * * the Petition seeks compensation for the denial of the elemental right of access to the abutting public roadway, both *since* 2016 and prospectively, should the Administrative Appeal be denied." Brief, 6, emphasis in original. Mandamus may ultimately be the suitable avenue for relief, but TS Tech has procedural and legal hurdles in the way first.

{¶18} A mandamus action is the proper means to compel appropriation proceedings. *Dalton*, supra, 2000 WL 1335066, *4–5, citing *State ex rel Levin v. City of Sheffield Lake*, 70 Ohio St.3d 104,108, 637 N.E.2d 319 (1994), internal citations omitted. "[T]o survive a motion to dismiss, a landowner seeking a writ of mandamus to compel appropriation proceedings must prove they are entitled to performance of a clear legal duty and have no adequate remedy in the ordinary course of law. *Id.*, citing *Levin,* supra, at 70 Ohio St.3d 104, 106; *State ex rel. Heath v. State Med Bd. of Ohio*, 64 Ohio St.3d 186, 593 N.E.2d 1386 (1992).

{¶19} In the instant case, whether TS Tech is entitled to performance of a clear legal duty remains to be determined upon the outcome of the administrative appeal. TS Tech asserts in the Petition that the conditions imposed on use of the driveway are unconstitutional, unenforceable, and a violation of its constitutional rights to use and enjoy its property by means of ingress and egress. In the administrative appeal, TS Tech asks the trial court to reverse the decision of the BZA and to approve the application for a permit without restrictions. Although TS Tech insists the two actions seek different relief,

this is essentially a distinction without a difference. The petition for mandamus is dependent upon the outcome of the administrative appeal.

{¶20} TS Tech has an adequate remedy in the ordinary course of law by means of the administrative appeal. TS Tech is pursuing the administrative appeal and the outcome will determine whether the City has a clear legal duty to issue the permit without restrictions. Until that decision is made, TS Tech cannot establish any right to a writ of mandamus.

{¶21} TS Tech is entitled to an administrative appeal upon the BZA's unfavorable decision. The Ohio Revised Code provides that "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." R.C. 2506.01(A).

{¶22} In Ohio, the R.C. 2506 appeal has been held to be an adequate remedy at law precluding mandamus. *Ohio Holding Co. v. City of Grove City*, 10th Dist. Franklin No. 89AP-213, 1989 WL 155961, *4, citing *State, ex rel. Sibarco Corp., v. Hicks*, 177 Ohio St. 81 (1964). In the context of a zoning case, the Supreme Court has written in *Eggers v. Morr*, 162 Ohio St. 521 (1955), first paragraph of the syllabus, the following:

{¶23} "Where an administrative agency has jurisdiction to make an order in a matter pending before it, and a right of appeal from such order to the Court of Common Pleas is provided by law to any person adversely affected thereby, such person is not authorized to bring an independent action in equity to enjoin the carrying out of such order, where the grounds relied upon in seeking the injunction are such as could be fully litigated in the appeal authorized by law."

{¶24} At this time we make no finding as to the availability or appropriateness of relief in mandamus, pending the outcome of the administrative appeal. When seeking mandamus relief, "a party must wait for a final administrative decision before asserting a takings claim." *State ex rel. Dynamic Industries, Inc. v. Cincinnati*, 147 Ohio St.3d 422, 2016-Ohio-7663, 66 N.E.3d 734, ¶ 10. "Where a statutory scheme would obviate the need for a takings claim, a party may not ignore that scheme in favor of instituting a takings claim." *State ex rel. Duncan v. Mentor*, 11th Dist. Lake No. 2022-L-106, 2023-Ohio-416, ¶ 8, citing *State ex rel. US Bank Trust Natl. Assn. v. Cuyahoga County*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 25; *Crosby v. Pickaway Cty. Gen. Health Dist.*, 4th Dist. Pickaway No. 06CA27, 2007-Ohio-6769, ¶ 23 ("the nature of appellants' mandamus action necessarily challenges the permit denials and, thus, they must exhaust their administrative remedies before seeking the extraordinary remedy of mandamus").

{¶25} The trial court properly granted the City's motion to dismiss and TS Tech's sole assignment of error is overruled.

**CONCLUSION**

{¶26} TS Tech's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.